19000. HANSEN v. CARPENTER et al.

DUCKWORTH, Chief Justice. 1. Except as to controversies between the father and mother, until majority a child shall remain under the control of the father, unless parental control be lost. See Code § 74-108; *Durden* v. *Johnson,* 194 *Ga.* 689 (22 S. E. 2d 514).

2. Where, as here, the mother released her custody and control to the father and agreed that he might remove their children to his home in Kansas, she did not thereby waive any future rights to said children as

to third parties. Thereafter, when the father voluntarily, by contract, released one of these children to third parties, the prima facie right of custody of this child automatically vested in the mother. See *Hill* v. *Rivers*, 200 *Ga.* 354, 357 (37 S. E. 2d 386); *Sessions* v. *Oliver*, 204 *Ga.* 425 (50 S. E. 2d 54).

3. While the evidence at the hearing disclosed that the mother left the child for long periods of time, it also showed that the child was left in the care of the grandmother, and this evidence fails to prove any neglect of the child; nor was there any evidence from which it could be found that the mother had lost parental power under Code § 74-108. The evidence that she was seen with a married man is totally insufficient to prove any immorality on her part. It follows that, the father having by contract released custody to third persons, the mother had the legal right to custody of this child, and the court erred in awarding custody to third persons. See *Watkins* v. *Terrell*, 196 *Ga.* 651 (27 S. E. 2d 329).

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1955—DECIDED SEPTEMBER 12, 1955.

*Irwin R. Kimzey, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Ellard & Frankum, Glenn W. Ellard, Stephen D. Frankum,* contra.