## 21488.   BLOOD v. EARNEST *et al.*

DUCKWORTH, Chief Justice. This is a habeas corpus case brought by the mother of minor children awarded to her by a Florida court at the time of the parents' divorce, against the paternal grandparents with whom the children had been living, alleging that they are illegally detaining the children from her. The respondents answered alleging fraud upon the Florida court in obtaining custody because the parties to the divorce had lived together as husband and wife after the filing of the divorce petition and the children were residents of Georgia at the time of the divorce; an award by a juvenile court of custody of the children in Georgia to the grandfather; and the best interest and welfare of the children would best be served to allow the children to remain with the grandparents. The proceedings in the juvenile court, which were admitted in evidence, were not dated except for the jurat to the affidavit, showed no service of the petition on anyone, and had no order of service by publication on nonresidents. The order in that court recited no authority for the court to take custody of the minors but thereafter purportedly awarded custody to the grandfather. The petition stated that the grandfather has "exclusive custody, control and care" of the children and that he and his wife "have clothed, fed and cared for said children." It also recites that the parents are divorced and a Florida court awarded custody to the mother but the children were not in Florida at the time of the divorce; and that even if the Florida decree is valid the mother has abandoned the children "by voluntarily leaving them with petitioner and his wife" and they desire the permanent custody and control of said minor children since it will be to their best interest. The lower court, after a hearing, remanded custody to the grandparents finding in its order: (1) the mother had voluntarily relinquished custody; (2) had abandoned them; and (3) the grandparents are fit and proper persons to have custody and it is to the best interest and future welfare of the children that they remain with the grandparents. The exception is to this judgment. *Held:*

The juvenile courts of this State have only limited jurisdiction over minors 17 years of age or younger. That jurisdiction is specifically limited by *Code Ann.* § 24-2408 (Ga. L. 1951, p.

291; 1953, Nov.-Dec. Sess., p. 87; 1955, p. 610; 1956, p. 603) to instances where the minor is (1) alleged to have violated or attempted to violate a law; (2) beyond the control of his parents or custodian; (3) in an occupation, a situation or association such as to injure or endanger his health, morals and general welfare, or that of others; (4) neglected, or living under insufficient guardianship or needs medical, psychiatric, psychological or other care necessary for his well-being, or who is abandoned by his parent or other custodian; (5) the subject of controversy as to his custody except in those cases where the law gives courts of record exclusive jurisdiction, or when said courts transfer issues of custody and support to it; (6) a ward of the court, then said jurisdiction continues in the discretion of the court but only during the child's minority; and (7) an adopted child, and the adoptive parents fail to perform their obligations to the child. However beneficent the exercise of jurisdiction over minors might be, a juvenile court is utterly without jurisdiction except in the foregoing enumerated instances. Without the presence of one of the above, any judgment of that court is void for want of jurisdiction. Void judgments may be wholly disregarded. *Code* §§ 110-701, 110-709. The petition by the grandparent to the Juvenile Court of Gordon County affirmatively shows on its face that none of the statutory jurisdictional facts existed when that court allegedly assumed jurisdiction and entered judgment purporting to award custody of the minors herein to the respondents in this case. For this reason as well as a further and sufficient reason that no service thereof was made as required by *Code Ann.* § 24-2414 (Ga. L. 1951, p. 291), the juvenile court judgment is void and is disregarded and confers no rights of custody to the defendants herein as against this mother.

■ The judgment of the Florida court invests the petitioning mother with the exclusive right of custody of said children. Under the full faith and credit clause of the Constitution (*Code* § 1-401), the trial court was required to respect and give full effect to that judgment. None of the attacks upon the Florida judgment, such as cohabitation after the suit was filed, or absence from that State of the children when the judgment was rendered, shows that court to have lacked jurisdiction nor constitute grounds, for the respondents were not parties

to that action, to collaterally attack that judgment. Further, the testimony of the grandfather refutes a voluntary relinquishment by the parents before the divorce since he admitted on cross-examination that "they hadn't been given to me" but she "wanted me to take those children and to raise those children because she wasn't capable of doing it."

■ There is no evidence in this record showing or even intimating that this mother has lost custody of her children by any of the grounds enumerated in *Code* § 74-108, which are the only grounds on which the law forfeits the parental rights of custody. Although she had at various times allowed the children to live·with the grandparents and to attend school in Georgia while living with the grandparents, they were not abandoned by her as she knew the children were being well cared for while under the control of the grandparents.

■ The evidence showing legal custody in the mother without changes of conditions affecting the interest and welfare of these children since the award to her, the court was without authority to take custody from her and award them to the grandparents. Thus the court erred in finding (1) she had voluntarily relinquished custody and control of the children; (2) had abandoned them; and (3) the welfare of the children required the award of said children to third parties. *Code* §§ 50-121, 74-106, 74-107, as amended (Ga. L. 1957, p. 412), 74-108; *Morris v. Grant,* 196 Ga. 692 (27 SE2d 295); *Waldrup v. Crane,* 203 Ga. 388 (46 SE2d 919); *Dornburg v. McKellar,* 204 Ga. 189 (48 SE2d 820); *Camp v. Bookman,* 204 Ga. 670 (51 SE2d 391); *Rodale v. Grimes,* 211 Ga. 674 87 SE2d 857); *Johnson v. Johnson,* 211 Ga. 791 (89 SE2d 166); *Woods v. Martin,* 212 Ga. 405 (93 SE2d 339); *Wheeler v. Howard,* 212 Ga. 553 (93 SE2d 723).

*Judgment reversed. All the Justices concur, except Head, P. J., who dissents.*

SUBMITTED JANUARY 8, 1962—DECIDED FEBRUARY 8, 1962—
REHEARING DENIED FEBRUARY 20, 1962.

*J. R. Cullens,* for plaintiff in error.
*James B. Langford,* contra.