### 23447. SMITH v. SMITH.

COOK, Justice. 1. "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But

in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use." Boone v. Lightner, 319 U. S. 561, 575 (63 SC 1223, 87 LE 1587).

2. "Under the Soldiers' and Sailors' Civil Relief Act, a person in military service is entitled as a matter of law to a stay of any proceeding by or against him in a case to which the statute is applicable, upon his bare application showing that he is in the military service, unless it is made to appear by further relevant evidence that his ability to prosecute or defend the proceeding is not materially impaired by reason of his military service." Lankford v. Milhollin, 197 Ga. 227 (28 SE2d 752).

3. In the present case the record shows without contradiction that the appellant was in the military service undergoing intensive training at Fort Bragg, North Carolina, in preparation for active duty in Viet Nam, and that he was not authorized to absent himself from Fort Bragg in order to be present at the hearing on temporary alimony and child custody. The trial judge was not authorized to find from the evidence that the appellant was wilfully attempting to evade determination of the issues involved in the cause, or that the ability of the appellant to defend against the cross action was "not materially affected by reason of his military service." 50 U.S.C.A., App. § 521. It was error to deny the appellant's plea for stay of the proceedings, and to enter a judgment for temporary alimony against him. Parker v. Parker, 207 Ga. 588 (63 SE2d 366).

*Judgment reversed. All the Justices concur.*

ARGUED MAY 9, 1966—DECIDED JUNE 9, 1966.

*Roberts & Thornton, Jack M. Thornton, Roy S. Levinson, James A. Elkins, Jr.,* for appellant.

*Milton Hirsch, Ray, Owens, Keil & Hirsch, Joseph S. Ray,* for appellee.

On January 3, 1966, the appellant, Claude Smith, a First Lieutenant in the United States Army, stationed at Fort Benning, Georgia, filed in Muscogee Superior Court an action for divorce against his wife, Sally Ann Smith, alleging acts of cruel

treatment. He alleged that he had been a resident of Georgia for more than twelve months, that the appellee resides in Monongahela, Pennsylvania, and he prayed for service on her by publication. The appellee filed an answer and cross action in which she denied the appellant's right to a divorce, alleging acts of cruelty. She asked for temporary and permanent alimony for the benefit of herself and their minor child, for child custody, and for attorney's fees.

The trial judge issued a rule nisi for February 9, 1966, which was served upon the appellant through his counsel of record. On January 25, 1966, the appellant, through his counsel, presented to the court a plea for stay of the proceedings, under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. 50 U.S.C.A., App. § 521. The trial judge then advised counsel for the appellant that the plea would be determined at the hearing on February 9, and upon being advised by counsel for the appellant that he could not submit to trial without the presence of his client, the judge suggested that the appellant could appear by affidavits in all respects necessary for his defense.

When the case came on for hearing as scheduled, with appellant absent, but represented by counsel, counsel again urged his motion to stay the proceedings, and in support thereof introduced evidence, which was received without objection, as follows: (1) A sworn petition of counsel for the appellant in which he stated that the appellant was a member of the armed forces of the United States, on active duty at Fort Benning, Georgia, when the suit was filed, but had since been transferred to Fort Bragg, North Carolina; that the appellant is undergoing a hard, intensive, and prolonged course of training preparatory to being transferred to Viet Nam for active duty in March, 1966; that his rights would be materially and injuriously affected by the trial of the issues made by his petition and the appellee's answer and cross action; and prayed that the proceedings be stayed under and by virtue of the Soldiers' and Sailors' Civil Relief Act. (2) A sworn petition to the same effect signed by the appellant. (3) A written statement, captioned in the cause, by the appellant's commanding officer, stating that the appellant is a

member of the armed forces of the United States, now on active duty at Fort Bragg, North Carolina, and that due to special training and preparation for active duty in Viet Nam, to which he will shortly proceed, he is not authorized to absent himself from Fort Bragg so as to be present at Columbus, Georgia, on February 9, 1966.

After submitting the motion, one of the attorneys for the appellant stated in his place that he could not effectively present his client's case without his physical presence. No evidence was introduced to controvert the evidence in support of the motion.

After the motion and the evidence were presented, the judge announced that he would reserve his ruling on the motion, and proceed to hear evidence from the appellee on the question of alimony, child support, child custody, and attorney's fees. On February 11, 1966, the judge entered an order denying the appellant's motion to stay the proceedings. He awarded the appellee $250 a month temporary alimony, $125 for the benefit of herself and $125 for the benefit of the child; $100 traveling expenses from Pennsylvania to Columbus, Georgia; and $250 attorney's fees. He further ordered that temporary custody of the child be vested in the appellee. In his order he set out nineteen findings of fact.

The appeal is from the findings of fact and the order and judgment. In his enumeration of errors the appellant specifies as error the order and judgment, and five special grounds on the findings of fact.