## 43889. MARTS v. CAULEY.

EBERHARDT, Judge. Marts filed suit for loss of consortium, medical expenses, etc., against Cauley, alleging that Cauley was responsible for an automobile collision in which Marts' wife

was injured. Cauley answered, denying the material allegations of the petition. Subsequently Cauley filed a plea for stay under the Soldiers' and Sailors' Civil Relief Act (50 USCA, App. § 521), alleging that he was in Vietnam and that such military service affected and impaired his ability to defend the action. Marts argues, however, that in Mrs. Marts' own prior suit against Cauley growing out of the same collision, Cauley stipulated to liability and therefore has no defense on that issue. It is further argued that Cauley could not be used as a witness to contest the damages consisting of medical bills, property damage, and loss of consortium, so that the only impairment he would suffer by proceeding with the trial would be his physical absence from the counsel table. The trial judge granted the stay, and Marts appeals. *Held:* Marts' argument is based on the presumption that Cauley will offer to stipulate liability in the instant case and that evidence concerning liability will not be introduced. However, the presumption appears to be unfounded in view of the defensive pleadings filed by Cauley completely denying liability, and hence it has not been "made to appear by further relevant evidence that his ability to . . . defend the proceeding is not materially impaired by reason of his military service." *Lankford v. Milhollin,* 197 Ga. 227 (2) (28 SE2d 752) ; *Smith v. Smith,* 222 Ga. 246 (2) (149 SE2d 468). Accordingly the judgment must be

*Affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 4, 1968—DECIDED JANUARY 10, 1969.

*L. B. Kent,* for appellant.

*Foley, Chappell, Hollis & Schloth, William J. Schloth,* for appellee.