### 25063. HEATH v. MARTIN et al.

FRANKUM, Justice. This is a proceeding in the nature of a habeas corpus brought by the mother of Deborah Ann Cox against Dorothy Martin and Willard Martin, the child's paternal great-aunt and great-uncle, to recover the custody of the child. Upon the hearing the court awarded the custody of the child to the defendant, Dorothy Martin. It appears from the transcript that the plaintiff and Theodore R. Cox were married and living in Fort Lauderdale, Florida, in 1963; that a divorce was granted between them on March 19, 1963; that in early January, 1963, prior to the granting of that divorce, plaintiff communicated with the defendants in Banks County, Georgia, and requested that they come to Fort Lauderdale and take her children from her inasmuch as she was unable to take care of them; that pursuant to that request the defendants went to Fort Lauderdale, in the early part of

January, 1963, and took custody and possession of the child in question and her two older brothers under an oral agreement that they would care for the children for a period of three months; that thereafter the divorce between Theodore Cox and the plaintiff was rendered in Broward County, Florida, and as subsequently modified the decree vested custody of the children in the plaintiff here; that the defendants, pursuant to the aforesaid agreement, took the children to Banks County, Georgia, and cared for all of them until July of 1963, when the plaintiff came to the home of the defendants and after demanding custody of the children was allowed to remove the two older children, the defendants retaining custody of Deborah because she was ill at the time; that thereafter the plaintiff visited in the home of the defendants and visited the child in question no more than three or four times until the bringing of this action. There was evidence authorizing a finding that while the plaintiff had custody of the children in Florida prior to their delivery to the defendants she was guilty of conduct, which if believed by the finder of the facts, would have authorized a further finding that she was not a fit and proper person to have custody of the child in question, and there was further evidence to the effect that the plaintiff had provided no support for the child in question during the period that she has been in the custody of the defendants.

1. The evidence in this case was insufficient to authorize a finding that the plaintiff had abandoned the child. "It is a well settled principle of law that the mere failure of a parent to provide support for a minor child who is in the possession or custody of another person, and no support of the child is requested or needed, is not a failure to provide necessaries, or such abandonment as will amount to a relinquishment of the right of the parent to parental custody and control. *Brown v. Newsome*, 192 Ga. 43 (14 SE2d 470); *Rawdin v. Connor*, 210 Ga. 508, 512 (81 SE2d 461)." *Coleman v. Way*, 217 Ga. 366 (2) (122 SE2d 104). Furthermore, the mere delivery of the custody of a child to another, even under an agreement that the other may adopt such child (which was not the case here), is insufficient to constitute an abandonment of the child. *Wheeler v. Howard*, 212 Ga. 553, 556 (93 SE2d 723).

2. While the judge, upon a hearing of a writ of habeas corpus for the detention of a child, is vested with a discretion in

determining to whom its custody should be given, such discretion should be governed by the rules of law, and be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justifies the judge in awarding its custody to another. *Sloan v. Jones,* 130 Ga. 836 (1) (62 SE 21). As between parents neither has a prima facie right to the custody of the child superior to the other, but as between a parent and a third person the legal right is in the parent, and unless the proof of unfitness be clear and convincing, the custody of the child should be given to the parent. *Hill v. Rivers,* 200 Ga. 354 (37 SE2d 386); *Roebuck v. Calhoun,* 201 Ga. 496 (40 SE2d 142); *Mills v. Mills,* 218 Ga. 686 (130 SE2d 221); *Peck v. Shierling,* 222 Ga. 60 (148 SE2d 491). In this case it may be conceded for the sake of the decision that the evidence authorized the trial judge to find that the defendant, Dorothy Martin, is a fit and proper person to have the custody of the child. With respect to the plaintiff, the only evidence showing or tending to show her unfitness related to occurrences some two or three years prior to the date of the trial and part of which related to matters occurring prior to the award of custody to her by the Florida divorce decree, a judgment that is unassailed here and that, under the full faith and credit clause, must be accorded its full force and effect by the courts of this State. Insofar as the evidence respecting the plaintiff's conduct since the divorce is concerned it shows that she and the man to whom she is presently married lived together as man and wife though not legally married, but that they have since contracted a valid and legal marriage, are maintaining a nice home for themselves and the other two children in East Point, Georgia, and that so far as the witnesses who testified know she keeps a neat, clean home and provides well for the other two children. There was evidence that while she and the father of Deborah Ann were having their marital difficulties and perhaps for some time thereafter she showed tendencies toward unstable behavior, and that she consumed excessive amounts of alcohol and perhaps on one or two occasions attempted suicide. There was no evidence that she had continued in this pattern of behavior since her marriage to Mr. Heath and the establishment of their home in East Point. Under these circumstances there was no evidence to authorize a finding of present unfitness.

3. The appellees rely in part upon the judgment of the Juvenile Court of Banks County, rendered on September 11, 1964, vesting them with temporary custody and control of Deborah. Assuming that this was such a judgment as would have been binding upon the plaintiff, it was not by its very terms a final judgment, and since the juvenile court did not expressly retain jurisdiction of the matter (see *Pitts v. Pitts*, 224 Ga. 11 (159 SE2d 287)), the judgment could in no way constitute a bar to the present proceeding.

4. It follows that the judge of the superior court erred in awarding custody to the defendants and in refusing to order that they deliver custody of Deborah Ann to the plaintiff.

*Judgment reversed. All the Justices concur. Duckworth, C. J., and Undercofler, J., concur in the judgment, but not in all that is said in the opinion.*

ARGUED FEBRUARY 10, 1969—DECIDED MARCH 6, 1969.

*Davis & Davidson, Jack S. Davidson, Rupert A. Brown,* for appellant.

*John A. Darsey,* for appellees.