### 25613. HENDRIX v. McCLELLAND et al.

NICHOLS, Justice. Clifton Hendrix filed the present petition in the nature of a habeas corpus to obtain custody of his minor child after his wife, from whom he had previously been divorced, was killed in an automobile collision. The wife had been awarded custody of the child in the divorce proceedings and the child's aunt, her mother's sister, and her husband were allegedly illegally restraining such child.. On the trial of the issue thus made it was stipulated that the plaintiff, the child's father, was entitled to custody unless the defendants should show that he was not entitled to have such custody.

After hearing evidence the trial court rendered a decree placing

custody of the child in the father and his parents and requiring the furnishing of a ne exeat bond to produce the child in court on five days' notice or at the August 1970 term of court, and providing for the Department of Family and Children Services to make periodic visits to the home of the child and make appropriate reports to the court.

The plaintiff father filed the present appeal and enumerates as error those parts of the trial court's judgment as placing restriction on his custody. A cross-appeal was filed by the appellees which has previously been dismissed for want of prosecution. *Held:*

1. "On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent." *Brown v. Newsome,* 192 Ga. 43 (1) (14 SE2d 470). Unless such right has been lost in one of the ways provided by law the surviving parent is entitled to full and complete custody of the child.

2. Where the trial judge, as in the present case, awards custody to the father this is tantamount to a finding that the father has not lost the right to have custody of his child. Compare *Pritchett v. Pritchett,* 219 Ga. 635, 636 (135 SE2d 417); *Burney v. Burney,* 222 Ga. 790 (152 SE2d 871); *Froug v. Harper,* 220 Ga. 582, 584 (140 SE2d 844); *Hardy v. Hardee,* 225 Ga. 585 (170 SE2d 417).

3. Since the evidence did not demand a finding that the father was not entitled to have custody of his child it was error for the trial court to limit the father's custody to joint custody with the child's paternal grandparents, to require a ne exeat bond guaranteeing that he would produce the child in court, and to require visits in the home and reports by the Department of Family and Children Services. See *Jackson v. Martin,* 225 Ga. 170 (167 SE2d 135).

Accordingly, so much of the decree as included matter other than giving the father custody of his child is reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*James E. Findley, Thomas J. Ratcliffe, Jr.,* for appellant.