## 28385. SHADDRIX v. WOMACK.

ARGUED NOVEMBER 13, 1973 — DECIDED JANUARY 28, 1974.

*James W. Hurt,* for appellant.
*John R. Rogers,* for appellee.

GRICE, Presiding Justice. This appeal arose from a proceeding in which a change of custody of minor children was sought.

The suit was filed by Leiselotta Womack Shaddrix, the sole surviving parent of the children, against Maggie Boatman Womack, their paternal grandmother, in the Superior Court of Crisp County, alleging that she as mother was entitled to custody due to changes of circumstances subsequent to a prior judgment granting temporary custody to the grandmother.

The grandmother's pleadings denied the essential allegations of

the complaint and asserted by counterclaim as follows: that in February of 1965 the mother had made arrangements to have the children turned over to the Georgia Baptist Children's Home and had signed documents surrendering their control and custody to the Home; that when she learned of these plans she obtained the order of the Superior Court of Crisp County granting to her the temporary custody of the children, a copy of the order attached; that she had since cared for the children and was a fit and proper person entitled to their permanent custody; and that the mother is not a fit and proper person entitled to their permanent custody and control.

The mother then amended her complaint to allege (1) that the order granting temporary custody of the children to the grandmother was void on its face because no petition or other pleading was ever filed in the Superior Court of Crisp County for a change of custody of the children; (2) that there was no service or notice to the mother of any proceeding to change their custody; and (3) that therefore legal custody had never been in the grandmother and the mother was entitled to their custody and control.

The request for additional record pursuant to Rule 11 (a) of this court is granted. This record reveals that no pleadings or proof of any service upon the mother giving her notice prior to the issuance of the temporary custody order are on file in the Superior Court of Crisp County.

Upon the trial numerous witnesses testified, including the parties.

Thereupon the court, after making findings of fact and conclusions of law, ordered that permanent custody and control remain in the grandmother subject to stated visitation rights.

The following conclusions of law were made:

"1. The court concludes from the evidence that plaintiff's actions in leaving said children with defendant grandmother when she left with her new husband for California, and at the same time, executing documents transferring the person and custody of said children to the Baptist Children's Home at Hapeville, Georgia, was tantamount to, and constituted, in the opinion of the court, a parol gift, or voluntary contract, whereby she released her parental rights to said children to defendant within the meaning of Georgia Code Section 74-108 (1), and that she thereby lost her right to the custody and control of said children.

"2. The court concludes further from the evidence, that plaintiff

also lost her right to the custody and control of said children by her failure to provide the necessities of life for said children over said seven (7) year period, within the meaning of Georgia Code Section 74-108 (3).

"3. Having concluded that plaintiff has thus lost her right to the custody and control of said children, the court further concludes that it is for the best interest of children to remain in the custody of the defendant, subject to the visitation rights hereinafter spelled out."

The appeal is from the foregoing order and from the overruling of the mother's motion for new trial.

1. The grandmother's motion to dismiss the appeal because it was not filed within 30 days from the date of the judgment is denied. The appeal was filed within 30 days from the denial of the motion for new trial. *Alf v. Alf,* 226 Ga. 880 (178 SE2d 187), cited in support of the contention that a motion for new trial is not proper procedure in a case involving custody of children, concerns an interpretation of Code Ann. § 30-127 (Ga. L. 1962, pp. 713, 714). That section pertains only to divorce actions where the children of the parties are awarded to one of the parents, and is not controlling here. Nothing in the Appellate Practice Act (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077; Code Ann. § 6-803 (a) or Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 494; Code Ann. § 6-702 (a)) prohibits the filing of a motion for new trial in cases such as the one here under review.

2. This suit to modify a temporary custody order became one in the nature of habeas corpus when the mother challenged the order upon which the grandmother based her right to the children's custody as void upon its face.

Since it is clear from the record that no service was made upon the mother as required by Code Ann. § 24-2414 (Ga. L. 1951, pp. 291, 300; 1968, pp. 1013, 1024), the order is void and must be disregarded; and therefore it conferred no right of custody upon the grandmother as against the mother. See *Blood v. Earnest,* 217 Ga. 642 (1) (123 SE2d 913) (one Justice dissenting).

It follows that the mother as the sole surviving parent of the minor children could not be denied custody of them in a habeas corpus proceeding against a third party unless it was shown that her parental power was lost under the provisions of Code §§ 74-108, 74-109, and 74-110; unless she was shown by substantial and convincing evidence to be an unfit person for their custody and control.

Although the mother enumerates 14 errors upon appeal, the primary issue for consideration is whether the foregoing conclusions of law were supported by the evidence. We conclude they were not.

3. In our view, the trial judge erroneously concluded that the execution of the documents transferring custody of the children to the Baptist Children's Home was "tantamount to" a parol gift or voluntary contract releasing the mother's parental rights to the grandmother within the meaning of Code § 74-108 (1).

It is well established that the terms of such a gift or contract must be definite and unambiguous and must be established by clear and satisfactory proof.

(a) Here there is no evidence whatever of any contract or parol gift to the *grandmother*. Indeed, the grandmother testified that the mother had told her she would never give up the children except upon a temporary basis. The mother testified that she wanted them in the Baptist Home until she and her new husband were settled in California and he agreed to accept the children into their home, because she was told that "once they go to the Home in Atlanta they would only have to stay there nine months to a year and then they could be transferred to a Home in Los Angeles" where she could see them on weekends until she could take them out. She further testified that when her husband told her if she wanted to stay with him she would have to "forget" about the children, she wrote the grandmother, "I'm coming back. Tom don't want me and he don't want my boys. I'm not giving them up"; but that the grandmother told her she could not come back.

(b) Nor, in our opinion, does the application for admittance to the Children's Home constitute a voluntary contract on the part of the mother to relinquish her parental rights under Code § 74-108 (1). Although its terms recite that the commission of the child is made with the understanding that after he is admitted to the Home the parent is to have no further control or communication with him except by permission of the Home or Manager, the parent must also "agree to take back said child immediately should the home for any reason deem it advisable, or to resume the full care and responsibility of him or her if at any time the home may adjudge one capable of doing so."

Certainly nothing in this language is a clear, definite and unambiguous contract to permanently release *all* rights to the children's custody. Furthermore, the applications were never submitted to the Home and never accepted by it. Therefore there

was no contract divesting the mother of *any* rights to the custody of these children.

4. The finding of the trial court that the mother had failed to provide the necessities of life for the children within the meaning of Code § 74-108 (3) is likewise erroneous. The evidence in this regard was uncontroverted that the mother sent the children $25 a week whenever she was able to while the children were staying with the grandmother; and that after she moved to Jacksonville and became employed she bought the major part of their clothing, provided all their school lunch money and paid for summer camp and recreational activities. It was not contended that the grandmother needed or requested support.

As stated by this court in *Coleman v. Way,* 217 Ga. 366 (2) (122 SE2d 104), "It is a well settled principle of law that the mere failure of a parent to provide support for a minor child who is in the possession or custody of another person, and no support of the child is requested or needed, is not a failure to provide necessaries, or such abandonment as will amount to a relinquishment of the right of the parent to parental custody and control. *Brown v. Newsome,* 192 Ga. 43 (14 SE2d 470); *Rawdin v. Conner,* 210 Ga. 508, 512 (81 SE2d 461)." Nor is the mere delivery of the custody of a child to another sufficient to constitute an abandonment of the child. See *Wheeler v. Howard,* 212 Ga. 553 (93 SE2d 723) (one Justice dissenting) and cits.

5. It was neither contended by the grandmother nor found by the trial court that the mother had relinquished her parental rights through any of the other provisions of Code § 74-108, or of § 74-109 or § 74-110. Indeed, the record reveals no evidence which would support such finding. It is therefore clear that the mother could not have lost custody or control of her children under any of the pertinent statutory provisions.

6. However, the grandmother's counterclaim also alleged that the mother was an unfit person for custody. The trial court made no finding as to this contention, but the rule in habeas corpus cases is that a parent may lose custody to a third person upon this ground if it is showed by clear and satisfactory proof that the circumstances of the case justify the court in acting for the best interest and welfare of the child. Code § 50-121; *Miller v. Wallace,* 76 Ga. 479 (2a) (2 ASR 48); *Sloan v. Jones,* 130 Ga. 836 (1, 2) (62 SE 21); *Kilgore v. Tiller,* 194 Ga. 527 (22 SE2d 150); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (three Justices dissenting).

The evidence here does not measure up to that standard. Most

of that relied upon for unfitness transpired several years ago and hence was not present unfitness. See *Heath v. Martin,* 225 Ga. 181 (2) (167 SE2d 153) (two Justices concurring in the judgment only). The other evidence in this regard was not substantial or convincing and did not warrant the forfeiture of the mother's rights. However, it was undisputed that the mother now owns her home and earns sufficient income from her job, social security and support payments to adequately care for the children.

For the foregoing reasons, the judgment must be reversed.

*Judgment reversed. All the Justices concur. Undercofler, J., concurs specially.*