*Jones, Bird & Howell, Earle May, Jr.,* for appellee.

## 29745. HOWELL v. GOSSETT.

NICHOLS, Chief Justice.

The appeal in this case is from a judgment awarding custody of the plaintiff's minor daughter to the child's stepfather in a habeas corpus proceeding. The plaintiff and the child's mother were divorced in November, 1967, and the divorce decree awarded custody of the child to the mother and did not provide for the payment of child support by the father (the plaintiff herein). The plaintiff later married his present wife, and the mother later married the defendant. Ten days prior to the filing of the present complaint, the child's mother was killed in a collision between her vehicle and a train. On the hearing in the juvenile court, the child's maternal grandparents and stepmother were permitted to intervene, and in addition to cross examining witnesses also introduced direct testimony. The judgment of the habeas corpus court merely denied the father's petition without setting forth any reason therein why the father was not entitled to custody of his daughter.

"Upon the death of the mother to whom custody of a minor child has been awarded by a divorce decree, the prima facie right of custody automatically inures to the father. *Chapin v. Cummings,* 191 Ga. 408 (12 SE2d 312); *Girtman v. Girtman,* 191 Ga. 173 (11 SE2d 782). In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should

prevail. *Williams v. Crosby,* 118 Ga. 296 (45 S. E. 282)." *Rawdin v. Conner,* 210 Ga. 508, 509 (81 SE2d 461).

" 'On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent.' *Brown v. Newsome,* 192 Ga. 43 (1) (14 SE2d 470). Unless such right has been lost in one of the ways provided by law the surviving parent is entitled to full and complete custody of the child." *Hendrix v. McClelland,* 226 Ga. 107, 108 (172 SE2d 663).

In refusing to award the child to her father in this case the trial judge must of necessity have found that the father was not a fit and proper person to have custody of his daughter. Compare *Pritchett v. Pritchett,* 219 Ga. 635 (135 SE2d 417); *Hardy v. Hardee,* 225 Ga. 585 (170 SE2d 417), and cits. The evidence must be reviewed to determine if the judgment was authorized.

Unfitness is not necessarily synonymous with the conduct penalized by Code §§ 74-108, 74-109 and 74-110. See *Perkins v. Courson,* 219 Ga. 611, 623 (135 SE2d 388).

The trial court expressly excluded any evidence of conduct prior to the plaintiff's separation from the child's mother which occurred some seven years prior to the death of the mother, and there was no evidence of conduct subsequent to such time that would render the plaintiff unfit to have custody of his daughter. The question remains as to whether the trial court was authorized to find "abandonment" or a "voluntary contract" in which he released his parental rights.

The evidence as to these issues showed, when construed most strongly against the plaintiff father, that he had not contributed to the support of the child after he and the child's mother separated and that he had not sought custody of the child (visitation privileges or otherwise) after the divorce decree was granted which placed custody of their daughter in the mother. An agreement between parents whereby one releases parental custody of a minor child to the other cannot serve to waive any future right to such child to third parties. See *Hansen v. Carpenter,* 211 Ga. 785 (2) (89 SE2d 196). Accordingly, the acquiescence of the father in the divorce decree placing custody of the child in the mother would.

not serve as a contract releasing the right of parental power to third persons as provided by Code § 74-108 (1), nor could such evidence be used to show abandonment under Code § 74-108 (3).

"As stated by this court in *Coleman v. Way,* 217 Ga. 366 (2) (122 SE2d 104), 'It is a well-settled principle of law that the mere failure of a parent to provide support for a minor child who is in the possession or custody of another person, and no support of the child is requested or needed, is not a failure to provide necessaries, or such abandonment as will amount to a relinquishment of the right of the parent to parental custody and control. *Brown v. Newsome,* 192 Ga. 43 (14 SE2d 470); *Rawdin v. Conner,* 210 Ga. 508, 512 (81 SE2d 461).' " *Shaddrix v. Womack,* 231 Ga. 628, 632 (203 SE2d 225). Thus, the failure of the plaintiff to provide support for such child while in the custody of the mother when no support was sought would not authorize a finding that the father had lost his parental rights on this ground.

The judgment of the trial court denying the father custody of his daughter in this habeas corpus case must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 8, 1975.

*Aultman, Hulbert, Cowart & Daniel, Kirby R. Moore,* for appellant.
*Joel A. Willis, Jr.,* appellee.