30634, 31113. BURRELL v. WOOD et al. (two cases).

HALL, Justice.

Appellant, the natural mother of the child whose adoption is here in dispute, brought two suits against the adoptive parents (the maternal grandparents) seeking to have the adoption declared void. After losing both cases in the trial court, she brings these appeals which we have consolidated. We affirm the trial court's rulings in both cases.

The mother first filed a petition for declaratory judgment, asking that the 1968 adoption be declared invalid. By later amendment, the petition was also cast as a complaint in equity to declare the adoption void. The trial court held an extensive hearing, attended by all parties and numerous witnesses, at which great latitude was allowed in presenting evidence of the fitness of all concerned. Thereafter, on August 26, 1975, the court sustained the grandparents' motion to dismiss that complaint. On September 2, 1975, the mother filed a habeas corpus petition collaterally attacking the adoption, alleging that the grandparents were unlawfully detaining the child because of the claimed invalidity of the adoption, and further asserting that they were unfit. By final order dated January 5, 1976, the trial court directed that the child should remain with the grandparents as her placement there was in her best interests.

Our affirmance of both judgments rests on an elementary legal ground. In effect, the mother seeks to attack the adoption judgment by means other than those allowed in Code Ann. § 81A-160, and such an attempt must be unsuccessful.

The mother attempts to show that the adoption

judgment is void on its face, which would allow her to attack it collaterally as well as directly at any time. See Code Ann. § 81A-160 (a) and (f). The evidence taken at the hearing included the mother's admission that she was served with notice of the adoption hearing and chose not to attend. The grandmother testified that at the adoption hearing she had given evidence to the court of the mother's abandonment of the child. There was also some evidence of the mother's unfitness before the adoption court. The mother's main contention here is that the grandparents stated in paragraph 9 of their adoption petition that the mother's consent was unnecessary because her parental rights has been terminated; and that this was factually erroneous, because the prior order granting custody to the grandparents had stopped short of terminating the mother's parental rights; and in his final order of adoption the judge listed no finding of abandonment, but merely stated that no reason appeared why the adoption should not be granted. She claims that these facts render the judgment void on its face for lack of subject matter jurisdiction, arguing that the court is without authority to grant adoption where all the elements required by Code Ann. § 74-407 to be pleaded do not correctly appear.

Appellant's argument is without merit. An adoption proceeding is governed by the notice pleading concepts of the Civil Practice Act. See Code Ann. § 81A-181. A factual error in an adoption petition in no way deprives the court of subject matter jurisdiction. Basically the alleged irregularities the mother urges are unrelated to subject matter jurisdiction; they concern only whether the court did or did not err in concluding after hearing evidence that the adoptive parents had proved their case for adoption (see Code Ann. § 74-414). Any such alleged error should have been contested in the trial court or on appeal, and not seven years later in a petition for declaratory judgment or habeas corpus. Where it is claimed, as here, that the court erred in finding a fact (abandonment or moral unfitness of the mother) on assertedly insufficient evidence, the proper method of seeking correction of this error is by motion in the trial court, or an appeal. Otherwise, the judgment may not be directly or

collaterally attacked on this ground. (The mother's implied claim that she was prevented from appealing by not being served with a copy of the final order is frivolous — she had notice of the adoption suit, and the burden was on her to learn when the judgment was filed. *Jordan v. Caldwell,* 231 Ga. 226 (200 SE2d 868) (1973).)

Even if appellant proved that the court erred in finding abandonment, since the judgment is not void on its face it is not subject to a collateral attack such as habeas corpus (Code Ann. § 81A-160 (a)); she has not attacked it by motion for new trial or motion to set aside (Code Ann. § 81A-160 (b)); and her attempt to bring a suit in equity by amendment to her petition (which may be based only upon "fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant," Code Ann. § 81A-160 (e) — none of which is even alleged) is barred because not brought within three years from entry of judgment as required by Code Ann. § 81A-160 (f).

The declaratory judgment suit and the habeas corpus action both seek to attack the 1968 judgment by some method other than those allowed; both actions were properly ruled to be without merit. See *Johnson v. Cook,* 130 Ga. App. 575, 577 (203 SE2d 882) (1974); *Payne v. Shelnutt,* 126 Ga. App. 598, 599 (191 SE2d 487) (1972). The trial court's order in the habeas corpus action was incorrect insofar as it stated, without supporting evidence, that the mother, Mary Frances Burrell, *did* attend the adoption hearing; however, this factual error does not vitiate the court's judgment.

To the extent to which it might be claimed that either action should be treated as petition seeking removal of the child from the adoptive home on grounds that the adoptive parents are unfit, we conclude that there was ample evidence presented at the hearing to support the trial court's conclusion that the fitness of the adoptive parents had been established and that the child's interests and welfare were best served by living in their home. See *Fort v. Alewine,* 223 Ga. 359 (155 SE2d 12) (1967).

*Judgments affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED JUNE 30, 1976.

*James W. Smith,* for appellant.
*Grady C. Pittard, Jr.,* for appellees.