## 31148. KIDD v. KIDD.

HALL, Justice.

Appellee-wife won a divorce judgment in 1973. Her complaint alleged that she owned the marital home. Appellant-husband failed to answer. Part of the divorce order decreed that by will she should leave a life estate in the house to the husband, provided he survived her. In the instant litigation she sought in equity to have that part of the divorce order set aside. The trial court agreed with her that it was an invalid attempt to give alimony to husband out of her property and struck the provision. Husband appeals.

It is, of course, appellant-husband's burden to

demonstrate reversible error. Basically, he asks us to find that the Sumter Superior Court erred in the equity action in concluding that the court had earlier erred in the divorce action — while the record before us does not contain the evidence and transcript before the court in either action. The court in the equity case, however, recited in its order that "evidence was submitted by both parties and arguments offered by respective counsel for both parties."

Looking at the merits of this dispute, the wife, of course, cannot now relitigate the provisions of her divorce decree. At this point, all she can do is attack this judgment on one of the grounds set forth in Code Ann. § 81A-160 (b). See *Burrell v. Wood,* 237 Ga. 162 (1976). Her counsel on oral argument here conceded that the judgment was not void on its face.

The short record before us shows that wife filed a pleading denominated a "Petition in Equity" seeking to set aside the objectionable provision on the ground of mistake. That action was governed by Code Ann. § 81A-160 (e), and was filed within the applicable three-year limitation, Code Ann. § 81A-160 (f). However, close examination of her pleading shows that the only "mistake" she alleged was that the divorce court mistakenly thought the parties had agreed to the will provision, and incorporated it into the judgment, and she "was not aware that said term was included in the final decree of the court." In other words, she did not read her divorce judgment.

The trial court, after hearing evidence and argument from both parties on her equity petition, struck the provision she found objectionable, apparently on the theory that the divorce court erred in favoring the husband with this provision on an inadequate record. This is not an adequate reason to set aside a portion of a judgment in a proceeding such as this. The equity court's findings of fact do not support the ruling: it finds no clear, unequivocal and decisive evidence of mistake of law or fact as required by Code Ch. 37-2 to authorize relief in equity. Moreover, the husband asserts in his brief (and having no transcript we cannot ascertain the correctness of this) that at the hearing the wife abandoned her claim

of mistake. If this is true, she has abandoned the only cause of action her petition stated, in addition to the fact that apparently the problem was caused initially by her negligence in failing to read her decree, a fact which may alone be sufficient in an equitable action to deny her the relief she seeks.

We reverse this judgment because it was unauthorized. But because the trial court appears to have proceeded under an erroneous theory, we remand for reconsideration and the entry of new findings and a new judgment.

*Judgment reversed and remanded. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

ARGUED JUNE 14, 1976 — DECIDED JULY 9, 1976.

*William Jonathan Murray,* for appellant.
*Ben F. Easterlin, IV,* for appellee.