## 31876. DERBY v. KIM.

UNDERCOFLER, Presiding Justice.

Doyle Freas Derby, Jr. is a soldier stationed at Fort Hood in Texas and is the father of three-year-old Tammy. Tammy's parents were divorced in 1973 and custody was given to her mother, who has died. The child has been living with her maternal grandmother and the father brought this habeas corpus petition for her custody. On December 30, 1975, the trial court denied relief to the father, and awarded permanent custody to the grandmother. The father appeals and we reverse.

It is clear that when a parent having custody dies, legal custody reverts to the other parent unless he has lost his parental rights as provided under Code Ann. § 74-108 or is shown to be *presently* unfit. *Campbell v. Chapman,* 238 Ga. 427; *Howell v. Gossett,* 234 Ga. 145 (214 SE2d 882) (1975). The grandmother alleged at a hearing held on December 10, 1975, not only that the father is unfit, but also that he had lost his rights by voluntary contract (Code Ann. § 74-108 (1)), and by failure to provide necessaries (Code Ann. § 74-108 (3)). The trial court concluded that the grandmother had "produced sufficient evidence to overcome the prima facie right of custody, ..." without further specific findings of fact and conclusions of law, and ordered an investigation by the juvenile court to determine "the fitness of the *parties* of this action to have custody of said child." (Emphasis supplied.) Such a conclusion is inconsistent with a ruling that the father had lost his parental rights, and we interpret this language to indicate that the grandmother had merely presented enough evidence to create a fact question for

resolution at a later time. The trial court then set a second hearing for December 30, 1975.

On December 16, 1975, the father filed a motion for a stay under the Soldiers' and Sailors' Civil Relief Act, 50 USCA App., § 521, which provides that "[a]t any stage thereof any action or proceeding in which a person in military service is involved either as a plaintiff or defendant, . . . *shall, on application to it by such person . . . be stayed . . .* unless in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (Emphasis supplied.) In his motion, the father asserted that he had used his leave time for 1975, but could be present by January 19, 1976. The trial court denied the motion because no "material impairment"[1] had been shown.

In *Lankford v. Milhollin,* 197 Ga. 227, 234 (28 SE2d 752) (1944), this court held that "[t]he language of the act does not authorize a construction which would place upon the applicant the burden of proving that his ability to prosecute or defend the action is materially impaired." Furthermore, it should have been obvious from the nature of the issues to be litigated at the second hearing, that the father's presence was important. Therefore, the trial court erred in failing to grant the father's motion for a stay. *Smith v. Smith,* 222 Ga. 246 (149 SE2d 468) (1966); *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108) (1943). The judgment giving custody to the grandmother must accordingly be set aside, and a new trial ordered on the issues of *present* unfitness and loss of parental rights by voluntary contract or failure to provide necessaries under Code Ann. § 74-108. Because of this result we need not reach the question whether the court erred in writing its second order so as to amend the first order nunc pro tunc.

*Judgment reversed. All the Justices concur.*

---

[1] The United States Supreme Court has said: "Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." Boone v. Lightner, 319 U. S. 561, 575 (1942); *Smith v. Smith,* 222 Ga. 246 (149 SE2d 468) (1966).

SUBMITTED JANUARY 25, 1977 — DECIDED FEBRUARY 8, 1977.

*Michael E. Garner,* for appellant.
*Ron S. Iddins,* for appellee.