31899. CAMPBELL v. CHAPMAN et al.
31900. CAMPBELL v. YOHE et al.

Undercofler, Presiding Justice.

The mother, who had been awarded custody in an earlier divorce decree, was killed in an accident in which her daughter and her new husband, the child's stepfather, were also involved. The child's maternal grandmother sued the natural father for custody and the natural father brought a petition for habeas corpus against the stepfather. The maternal aunt and uncle then intervened in the grandmother's suit against the natural father. The trial court consolidated both cases, determined that the

natural father was unfit and that the grandmother was a proper custodian, and awarded her custody. The natural father, having lost in both cases brings these two appeals. We reverse.

When the mother, the child's legal custodian, died, the surviving parent, the father, acquired the prima facie right to the child, and unless that right had been lost as provided by law was entitled to custody. *Howell v. Gossett,* 234 Ga. 145 (214 SE2d 882) (1975); *Hendrix v. McClelland,* 226 Ga. 107 (172 SE2d 663) (1970). The trial court found as a matter of fact that the natural father was unfit. The evidence presented, however, alleging unbalance during the breakup of his marriage to the mother was not relevant. In fact, the brother-in-law, with whom the Campbells had lived for over a year, stated: "He's her father, but, well, he's—I wouldn't say he wasn't fit to raise her, but it's just times that he's [a] little rash..." The father can not lose his legal right without proof of *present* unfitness. *Shaddrix v. Womack,* 231 Ga. 628 (203 SE2d 225) (1974); *Heath v. Martin,* 225 Ga. 181 (167 SE2d 153) (1969). No such evidence was submitted. Thus the trial court erred in finding the father unfit and in denying him custody.

*Judgments reversed. All the Justices concur, except Nichols, C. J., Jordan and Hall, JJ., who dissent.*

SUBMITTED JANUARY 25, 1977 — DECIDED FEBRUARY 9, 1977 — REHEARING DENIED MARCH 1, 1977.

*Stanley C. House, Hinton R. Pierce,* for appellant.
*Allgood, Childs, Snelling & Brown, George B. Snelling, Jr., Andrew J. Kilpatrick, II,* for appellees.

JORDAN, Justice, dissenting.

In my opinion there was clear and convincing evidence of the father's present unfitness sufficient to justify the award of custody to the maternal grandparent.

Most of the evidence of nonsupport, cruelty, excessive drinking, and attempted suicide was of recent vintage and near enough in point of time for the trial court to conclude that such conditions existed at the present

time. Certain conditions shown to exist are presumed to continue unless the contrary is shown.

This case is distinguishable from *Heath v. Martin,* 225 Ga. 181 (167 SE2d 153) (1969), where similar evidence was shown to have occurred "some two or three years prior to trial."

I would affirm the judgment of the trial court.