31940. COX v. MILLS et al.

NICHOLS, Chief Justice.

Pamela Davidson Cox filed a habeas corpus action in the Superior Court of Bibb County, seeking to obtain custody of her six-year-old child from her great-grandmother and step great-grandfather, Bertha and Lester Mills. The Mills had obtained custody of the child pursuant to an order of the Juvenile Court of Bibb County dated June 23, 1972, whereby custody was removed from the mother and the parental rights of the father were terminated. This order expired at the end of two years by operation of law. Code § 24A-2701.

The superior court transferred the case to the Bibb County Juvenile Court, which found that the mother had forfeited her right to custody of the child by failing to act more promptly to regain custody following the termination of the 1972 order. The record indicates that the mother has made no significant contribution toward

the support of the child since it has been in the custody of the Mills and that up until December, 1975 when she married, she led an extremely unstable, transient existence. Her efforts to regain custody began a few months later, in May, 1976. On these facts, it cannot be said that she voluntarily released her parental rights to the Mills or that she abandoned her child or that she otherwise forfeited her right to custody under Code §§ 74-108, 74-109, and 74-110. See *Heath v. Martin,* 225 Ga. 181 (1) (167 SE2d 153) (1969); *Shaddrix v. Womack,* 231 Ga. 628 (4) (203 SE2d 225) (1974).

Nor was a showing made that the mother was unfit to have custody, which is the only other ground upon which custody could be denied her in a contest with nonparents. See *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976); *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976). The trial court did find that the mother had failed to provide a home suitable for the upbringing of the child prior to her marriage in December, 1975. However, there was no evidence indicating that she is presently unfit to have custody. See *Heath v. Martin,* supra, p. 183; *Shaddrix v. Womack,* supra, pp. 632-633. Accordingly, the trial court erred in denying custody to the mother.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 21, 1977 — DECIDED FEBRUARY 14, 1977.

*Moore & McLaughlin, James B. McLaughlin, Jr.,* for appellant.

*John M. Hancock Jr.,* for appellees.