## 33468. WILSON v. WILSON.

MARSHALL, Justice.

"Changed conditions affecting the welfare of a child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a habeas corpus court effecting a change of custody or visitation rights is essentially a fact issue in each individual case which must be decided by the habeas court. And if there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).

In the case sub judice, the mother, who had custody of the parties' minor children pursuant to the divorce decree, had voluntarily relinquished the actual custody of the children to the father for a period of time. The appellant father, who seeks to have custody changed to him, contends that this voluntary relinquishment constituted a changed condition affecting the welfare of the children which warrants the change of custody. While this factor may authorize a change in custody in some situations (e.g., *Wilt v. Wilt,* 229 Ga. 658 (193 SE2d 833) (1972); *Walker v. Steele,* 206 Ga. 674 (58 SE2d 421) (1950)), in the present case it appears that the relinquishment was temporary, during a period of time in which the mother was required by her employment to do extensive

traveling, that this condition no longer exists, and that the children are back in her physical custody again.

Additionally, the trial judge found that, although both parties were good parents, the father's present wife has a child, with whom there have been some conflicts with the children in question; that the mother has made adequate provisions for the children while she is working; and that the children seem to be happy living with her and are doing well in the neighborhood school which is in close proximity to the mother's residence.

The evidence authorized the denial of the petition for change of child custody.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1978 — DECIDED MAY 2, 1978.

*Trauner, King & Cohen, Stanton J. Shapiro,* for appellant.

*Joseph E. Wilkerson,* for appellee.