for appellee.

### 33690. PORTER et al. v. JOHNSON.

MARSHALL, Justice.

This is a habeas corpus proceeding for child custody. The plaintiff-appellee had custody of her *illegitimate* son, and, by a divorce decree in March of 1972, obtained custody of her *legitimate* son. According to the plaintiff, on April 5, 1972, she gave possession of the two minor children to her ex-husband, the father of the *legitimate* child, so that she could recover physically and financially from back injuries and sickness. The children were placed with the ex-husband's parents, defendants-appellants, with whom they have lived ever since.

The record shows, however, that the ex-husband obtained temporary custody of the plaintiff's *illegitimate* child by juvenile court orders dated June 8, 1972, and May 4, 1973, based on deprivation and abandonment, service having been by publication. Pursuant to service by publication of a petition alleging abandonment of the *legitimate* son, the superior court on September 12, 1972, entered an order purporting to modify the previous award of custody of that child and awarding custody to the ex-husband. Based on a petition filed November 12, 1975, and served by publication, the superior court entered a final order of adoption of the *illegitimate* son on April 19, 1976, whereby all parental rights of custody and control of the child were divested from his natural parent, plaintiff, and vested permanently in the ex-husband. The ex-husband died on November 6, 1977, and on November 22, 1977, the defendant grandmother obtained letters of guardianship for both children.

In this habeas corpus action, the trial judge set aside the ex-husband's adoption of the plaintiff's illegitimate son. Finding no abandonment or unfitness on the mother's part, the trial judge awarded her custody of both children. The grandparents appeal. We affirm as to the award of custody of the *legitimate* child, but reverse as to that of the *illegitimate* child.

1. With regard to the *legitimate* child, the trial judge in the order appealed from found no evidence of any diligent search for the plaintiff prior to the custody proceedings, and found that the September 12, 1972, order of custody did not modify the final divorce decree of March of 1972. In our view of the case, it is unnecessary to decide whether the judgment purporting to vest custody in the plaintiff's ex-husband is subject to being set aside in this habeas corpus action (see *Burrell v. Wood,* 237 Ga. 162 (227 SE2d 60) (1976)), since upon the death of the father the mother would be entitled to possession of the legitimate child even if the judgment is not set aside.

"On the death of the parent who holds custody of a child under a divorce decree, the prima facie right to the custody automatically inures to the surviving parent." *Brown v. Newsome,* 192 Ga. 43 (1) (14 SE2d 470) (1941) and cits. "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him. In cases of separation of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare." Code § 74-106. "It is clear that when a parent having custody dies, legal custody reverts to the other parent unless he has lost his parental rights as provided under Code Ann. § 74-108 or is shown to be *presently* unfit. *Campbell v. Chapman,* 238 Ga. 427 [(233 SE2d 155) (1977)]; *Howell v. Gossett,* 234 Ga. 145 (214 SE2d 882) (1975)." *Derby v. Kim,* 238 Ga. 429 (233 SE2d 156) (1977).

There is no evidence in this record that *demands* a finding that this mother has lost custody of her legitimate child by any of the grounds enumerated in Code § 74-108, nor by being unfit. Her *temporary,* voluntary relinquishment of actual custody to the legitimate child's father for a period of time necessary for her recuperation from back injuries and sickness, did not constitute acquiescence to *permanent* custody in the father, so as to amount to abandonment as a matter of law. See *Wilson v. Wilson,* 241 Ga. 305 (245 SE2d 279) (1978); *Blood v.*

*Earnest,* 217 Ga. 642 (123 SE2d 913) (1962). The evidence to the effect that the plaintiff's whereabouts was unknown subsequent to this voluntary relinquishment of custody, could be found to have been rebutted by evidence authorizing a finding that she had been a resident of Cobb and Bartow Counties, that her family and her ex-husband knew of her whereabouts, and that no diligent search was made for her at the time of the custody proceeding purporting to divest her of her lawful custody. The judgment purporting to change custody did not provide for a permanent divesting of custody from the plaintiff natural mother. The evidence authorized the award of custody of the legitimate child to the plaintiff.

2. With regard to the *illegitimate* child, however, the final adoption order is res judicata as to the divestiture of all parental rights of custody and control of the child from the plaintiff, unless and until such judgment is set aside by an appropriate method prescribed in Code Ann. § 81A-160 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138). Code Ann. § 50-101 (b) (Ga. L. 1967, p. 835), provides, "Any person alleging that another, in whom for any cause he is interested, is kept *illegally* from the custody of the applicant may sue out a writ of habeas corpus to inquire into the legality of such restraint." (Emphasis supplied.) As long as the adoption judgment is in force, the plaintiff is, in legal effect, a stranger to the child, though his natural mother, and the defendant grandparents' restraint, being based on their legal guardianship, cannot be shown to be illegal.

The appellee is seeking to set aside the adoption order on the ground that her ex-husband failed to make a diligent search for her prior to the adoption proceeding. Because the judgment was not void on its face, it was not subject to *collateral* attack on the ground urged, but is "subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." Code Ann. § 81A-160, supra, (a). "Habeas corpus is a collateral attack on the judgment, sentence or order, . . ." 14 EGL 166, Habeas Corpus, § 15. "On habeas corpus proceedings, the same presumptions are indulged in favor of the validity of the judgment as are indulged in other collateral assaults on a judgment." Op. cit., p. 183, §

42. In *Burrell v. Wood,* 237 Ga. 162, supra, p. 164, this court held that, "since the judgment is not void on its face it is not subject to a collateral attack *such as habeas corpus.*" (Emphasis supplied.)

The statutory methods of direct attack are motion for new trial, motion to set aside, and complaint in equity. Code Ann. § 81A-160, supra, (b). The time for filing a motion for new trial in the adoption proceeding has expired. In the present case, the record shows that the appellee did not inform either the opposing parties or the court that she was seeking to attack the adoption (which had been pleaded in the defendants' answer and counterclaim) until the morning of the hearing (on which morning she claimed to have first discovered the adoption order), and then she sought to attack the judgment of adoption merely orally. The appellants then argued that the adoption was not subject to attack at that time, since they did not have notice and were not, therefore, prepared to defend the validity of the adoption proceedings.

The appellee has not attacked the judgment by either of the other two methods of direct attack, i. e., motion to set aside or complaint in equity. (It is noted that the attempt of the appellant in *Burrell,* 237 Ga. 162, supra, to bring a suit in equity by amendment to her petition, was barred by the statute of limitation, which situation does not exist in the case at bar.)

Accordingly, the award of custody of the legitimate child to the plaintiff is affirmed, and that portion of the judgment setting aside the adoption judgment and awarding the custody of the illegitimate child to the plaintiff is reversed, and the case is remanded to the trial court with leave to the plaintiff to file any appropriate amendments if she so desires.

*Judgment affirmed in part, reversed in part, and remanded. All the Justices concur, except Undercofler, P. J., who concurs specially, and Hill, J., who concurs in the judgment only.*

SUBMITTED JUNE 20, 1978 — DECIDED SEPTEMBER 8, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Sams, Glover & Gentry, A. Harris Adams,* for appellants.

*William Holley,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

While I concur in the majority opinion, it is my opinion that the trial court may determine custody of the illegitimate son, between the adoptive grandparents and the natural mother, on the best-interests-of-the-child test without having to set aside the order of adoption. If the mother obtains custody, she may then petition to legally adopt him to regain full parental rights.