## 60951. JAX CAR WASH MANUFACTURING INC. et al. v. DAVIS.

McMurray, Presiding Judge.

This is a garnishment proceeding predicated upon a judgment rendered in the Superior Court of Glynn County. The judgment in question arose from a Workers' Compensation claim and was entered pursuant to Code § 114-711 upon the application of the employee and now plaintiff in garnishment, Davis. The judgment was against Jax Car Wash Manufacturing, Inc., as employer, and Nationwide Mutual Insurance Company, as insurer of Jax.

Summons of garnishment was served on Nationwide Mutual Insurance Company which failed to answer the summons within the time therein required. Subsequently, Nationwide's untimely answer was dismissed, and judgment by default was entered against Nationwide in favor of the employee-plaintiff, Davis. Employer and insurer appeal. *Held:*

1. Employer and insurer contend that the superior court erred in entering a default judgment against Nationwide because the judgment upon which the garnishment was based was void and of no effect. That judgment, however, is not void on its face so that it may be attacked in any court by any person under the provisions of Code Ann. § 81A-160 (a) (Ga. L. 1966, pp. 609, 662); nor has any attack been made on the judgment by any method of direct attack listed under Code Ann. § 81A-160 (b), supra. This enumeration of error is without merit. See *Burrell v. Wood,* 237 Ga. 162, 164 (227 SE2d 60); *Porter v. Johnson,* 242 Ga. 188, 191 (249 SE2d 608); *Shoemaker v. Dept. of Transp.,* 240 Ga. 573, 575 (1) (241 SE2d 820).

2. Code § 114-711 provides in part that "where the payment of compensation is insured or provided for in accordance with the provisions of this Title, no such judgment shall be entered nor execution thereon issued, except upon application to the court and for good cause shown." The judgment upon which the garnishment is predicated shows on its face that it was entered "upon good cause being shown . . ." A showing of good cause having been made by plaintiff before the Superior Court of Glynn County and judgment entered, there is no requirement for a second showing of good cause prior to execution issuing. See in this regard *Jenkins v. Reliance Ins. Co.,* 113 Ga. App. 70, 71-72 (147 SE2d 343); *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (1) (124 SE2d 923).

The showing of good cause requirement being satisfied, the entry of judgment and execution thereon were authorized.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED NOVEMBER 3, 1980 — DECIDED NOVEMBER 20, 1980 — REHEARING DENIED DECEMBER 5, 1980.

*Warner R. Wilson, Jr.,* for appellants.
*B. Michael Magda,* for appellee.