## 61096. JACKSON v. DUNN.

SOGNIER, Judge.

Appellee Dunn is the father of a 10-year-old minor child. Dunn and the child's mother were divorced in 1975. The child's maternal aunt, Jackson, filed a petition in the Juvenile Court of Meriwether County seeking custody of the child. A hearing was held and the trial court awarded custody to Dunn. Jackson appeals.

Appellant contends that the trial court erred in failing to find that it would be in the best interest of the minor child to award custody to appellant, and that the child had been abandoned by appellee. We do not agree.

When the child's mother died, the father, as the surviving parent, acquired a prima facie right to custody of the child. Unless the right to custody has been lost as provided by law, appellee is entitled to custody of his child. *Campbell v. Chapman,* 238 Ga. 427, 428 (233 SE2d 155) (1977); *Brown v. Newsome,* 192 Ga. 43 (14 SE2d 270) (1941). No showing has been made here that appellee lost the right to custody of his child by voluntarily relinquishing his parental rights, abandoning the child or otherwise forfeiting his rights according to Code Ann. §§ 74-108, 74-109, or 74-110, *Cox v. Mills,* 238 Ga. 374, 375 (233 SE2d 353) (1977); nor was there any showing that appellee was unfit to have custody, which is the only other ground upon which custody could be denied a parent in contest with a nonparent. *Cox v. Mills,* supra; *Lewis v. Lewis,* 154 Ga. App. 853, 854 (269 SE2d 919) (1980).

The trial court was correct in finding that there was no evidence that appellee was unfit or that he had lost parental control, and that he is entitled to full and complete custody of his child.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1981.

*George C. Kennedy,* for appellant.
*Jerry Loftin,* for appellee.