## 19227. BOGE *v.* McCOLLUM.

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956.

*William O. Carter,* for plaintiff in error.

*Linton S. Johnson, Clete D. Johnson, Johnson & Johnson, Marshall L. Allison,* contra.

WYATT, Presiding Justice. 1. The trial judge in his judgment in this case made, among other findings, the following finding of fact: "It is found by the court that the father of the minor child has not surrendered or lost his parental rights, and it is found by the court that the applicant has not surrendered or lost her parental rights to said child and the court finds that the applicant mother is a fit and proper person to have custody of said minor

child, William Jerry McCollum." The judgment then proceeded to award custody as above stated.

Code § 74-108 provides that parental right of custody and control may be lost as follows: "1. Voluntary contract, releasing the right to a third person. 2. Consenting to the adoption of the child by a third person. 3. Failure of the father to provide necessaries for his child, or his abandonment of his family. 4. Consent of father to the child's receiving the proceeds of his own labor, which consent shall be revocable at any time. 5. Consent to the marriage of the child, who thus assumes inconsistent responsibilities. 6. Cruel treatment of the child."

Code § 74-107 provides: "In all cases where the custody of any minor child or children is involved between the parents, there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may exercise its sound discretion, taking into consideration all the circumstances of the case, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly."

The language in these Code sections is unambiguous and simply means that a parent can lose his or her right to custody and control of his or her minor child only in one or more of the ways set out in Code § 74-108.

The trial court in the instant case found as a fact that the mother, who was the plaintiff in the habeas corpus proceeding, had not lost her right to the custody and control of her minor child. Having made this finding of fact, the court had no right to deprive her of her right to the possession of the child for any part of the time as against a third person, and did not have the right to impose the condition of a bond upon her. Under this finding of fact, the mother, in so far as this controversy with the grandmother is concerned, had the absolute right to the complete custody and control of her minor child, and the court was without authority to interfere with this right in any manner.

In accordance with the rulings above made, it is directed that the judgment of the court below be amended to conform to the

rulings herein made, and that judgment in favor of the plaintiff in the court below be entered.

Since there has been a substantial modification of the judgment of the court below obtained in this court, it is further directed that the costs in this court be assessed against the defendant in error.

*Judgment affirmed with direction.   All the Justices concur.*