## 19448. BOGE *v.* McCOLLUM *et al.*

SUBMITTED SEPTEMBER 10, 1956—DECIDED DECEMBER 5, 1956.

*William O. Carter, Carey C. Carter, Jr..* for plaintiff in error. *Johnson & Johnson, Marshall L. Allison,* contra.

WYATT, P. J. This is a contest between the divorced parents of the minor child in question, neither of whom has been awarded custody, and, as such, neither has a prima facie right to the custody of the child. Code § 74-107. In such case, the judge has a discretion as to which parent should have custody, and, in a proper case, may award custody to a third party. Code § 50-121. "The discretion to be exercised in such case is not an arbitrary and unlimited discretion like that confided to the Roman praetors, but, as remarked by Lord Mansfield in R. vs. Wilkes, 2 Burr., 25, 39, is such a 'discretion as, when applied to a court of justice, means sound discretion guided by law.' . . The rule of discretion, as applicable to habeas corpus cases, did not originate with the compilers of our Code; they took it from the com-

mon law, and in adopting it, they adopted also the meaning and limitations placed upon it by the venerable sages and authorized expounders of that noble system. Under the 'discretion' vested in him, no judge has authority to disregard or even to impair any acknowledged or established right of a party by its exercise, and if he does so, it would seem to follow, as a necessary consequence, that he abuses that discretion. . . Prima facie, the right of custody of an infant is in the father, and when this right is resisted, upon the ground of his unfitness for the trust or other cause, a proper regard to the sanctity of the parental relation will require that the objection be sustained by clear and satisfactory proofs. . . The breaking of the tie that binds them to each other can never be justified without the most solid and substantial reasons, established by plain proof. In any form of proceeding, the sundering of such ties should always be approached by courts 'with great caution and with a deep sense of responsibility.' " *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. R. 48).

The discretion vested in a trial judge upon a hearing on a writ of habeas corpus for the custody of a child should ordinarily be exercised in favor of the party having the legal right to the custody of said child. *Monk* v. *McDaniel*, 116 *Ga.* 108 (42 S. E. 360); *Sloan* v. *Jones*, 130 *Ga.* 836 (62 S. E. 21). "It will thus be seen that prima facie the right to the custody of an infant is generally in the father, if living; but that this may be resisted on the ground of unfitness for the trust, or other good cause; and that, in reaching his judgment on a habeas corpus proceeding involving the custody of the minor child, the presiding judge should award the custody to the person legally entitled thereto, unless it is made to appear that he has lost this right, or that the security, morals, or welfare and interest of the child require another disposition; and that the right of the father should not be disregarded and his child awarded to the custody of one neither the father nor mother (even though a grandparent) save for grave and substantial cause. The rights of nature are not to be lightly overridden on the one hand, nor is the welfare of the child to be disregarded on the other." *Sloan* v. *Jones*, supra.

While it is true that the decisions above cited were rendered prior to the passage of the act of 1913 (Code § 74-107), providing that in a contest between the father and the mother of a minor

child over its custody, neither party should have a prima facie right to custody, the law announced therein is still applicable except in so far as it would favor the father over the mother in a contest between them over the custody of the said child. The effect of the 1913 act was to place the parents on an equal footing in contests over the custody of minor children. It did not affect the status of parties in contests between a parent or parents and third persons. See *Chapin* v. *Cummings*, 191 *Ga*. 408 (12 S. E. 2d 312).

With these principles in mind, we look to the evidence in the instant case. The trial judge found, and was authorized so to find, that neither of the parties had lost parental rights to the custody and control of this child. The trial judge further found, and was authorized so to find, that the father, because of the nature of his work, was required to move frequently from place to place and had established no permanent home. He also found, and was authorized to find, that the mother lived in McMinnville, Oregon, with her husband to whom she was married after the divorce from the defendant in error had become final, and that the child's grandparents lived in Hart County, Georgia. The judge also found that the child had lived with his paternal grandmother in a state of happiness since his parents separated when he was about six months old, and that he was now about three years old. While the evidence is undisputed that the child has lived with his paternal grandmother, there is absolutely no evidence in this record to support the finding that he has lived there in a state of happiness, there being no evidence on this subject in the record.

While the questions presented in a case in which the custody of a minor child is involved often are difficult of solution, one question in the instant case seems now to be settled beyond doubt. This is, that, as against the paternal grandmother, the respondent is entitled to the custody and control of the child in question. This is true for two reasons: first, she, as the mother of the child, as against the paternal grandmother, is the person legally entitled to custody, it not appearing that she has lost in any way recognized by law these rights; secondly, the respondent has been awarded custody of the child in a court of competent jurisdiction in a contest with the grandmother, and no change in condition is alleged or proved.

We recognize that the instant case is not the same as *Boge* v. *McCollum*, 212 *Ga.* 214 (91 S. E. 2d 619), and that this suit is, nominally at least, a suit between the parents of the child in question, and that neither has a prima facie right to custody. However, the court has seen fit to award custody to Mrs. Nora McCollum, a person who is not a party to this suit in the lower court, but who has been made a party in this court, a person who is not a parent of the child, a person who has no legal right to custody of the child, and a person as against whom it has been judicially determined that the plaintiff in error is entitled to full and complete custody. No reason appears in this record why the paternal grandmother, rather than the mother, should have custody of this child. The mere fact that awarding custody to the mother would remove the child to a distant State and to new associations is not sufficient to authorize the court to make its own award. See *Chapin* v. *Cummings*, 191 *Ga.* 408, supra.

There is no evidence which would authorize a finding that the mother is not a fit and proper person to have custody of this child. There is no evidence which would authorize a finding that the welfare and happiness of the child would be best served by awarding his custody to the paternal grandmother rather than his mother. In fact, the only evidence as to what would be for the welfare and best interest of this child is that the plaintiff in error is a parent of the child and the person to whom custody was awarded was not. This court is committed to the proposition that the welfare and best interest of a child will best be served, except in extraordinary cases, by his being in the custody of his own parent. *Chapin* v. *Cummings*, supra. As was said in *Johnson* v. *Kelly*, 44 *Ga.* 485, 488, "Judges have had great embarrassment in the decision of questions involving the rights to custody of children, and the rule of looking to the best interest of the child in the selection of guardians, even with the wisest jurists has turned out unfortunately. It is hard to set up a discretion which will stand the test. But the law wisely makes *blood* relationship or kin the test, and those who stand closest to the ward are to have the preference, not that one not so near who may be wealthier, more intelligent or educated, shall have it from these advantages. The law, in the long run, trusts to blood, if those nearest are unobjectionable. And the law trusts wisely." (Italics ours.)

It follows, from what has been said above, the judgment of the court below was not authorized by the evidence and was clearly an abuse of the discretion vested in a trial judge upon a hearing on a writ of habeas corpus involving the custody of a child. The judgment was therefore error and must be reversed, and direction is given that the trial judge require, by proper order and judgment, that the child be delivered to the custody of his mother, the plaintiff in error.

*Judgment reversed. All the Justices concur.*