21137. BENEFIELD v. BENEFIELD.

SUBMITTED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961.

*Walter O. Allanson,* for plaintiff in error.

GRICE, Justice. Edward Courtney Benefield (hereinafter referred to as "the father") filed in the Superior Court of Fulton County, Georgia, a petition for a writ of habeas corpus against Frances Claudine Benefield (hereinafter referred to as "the mother") seeking to recover their eight-year-old son. The father alleged: that by decree of the Superior Court of Clayton County, Georgia, dated May 20, 1958, custody of the child was awarded to him; that on April 13, 1960, the respondent mother, as a result

of misrepresentations, was able to remove said child from his home; that she refused, upon his demand, to return said child; that such detention, due to the custody award in his favor, was illegal; and that said child was ill and needed medical attention. To such petition the mother filed an answer, denying all of its essential allegations, and alleging facts which she contended justified her retention of the child. The trial judge, on conclusion of the evidence, on April 21, 1960, entered an order reciting, among other things, that there had been shown a sufficient change of condition affecting the welfare of the child, and awarded custody to the mother, with specified visitation rights to the father. By his bill of exceptions, assigning error on that order, the father brought the case to this court.

The sole question before us is whether or not there was any evidence produced on the trial showing such a change in condition affecting the welfare of the child since the decree of May 20, 1958, as would authorize the award of custody to the mother.

At the outset it should be borne in mind that this is not a rivalry between a parent and a third person, calling for the exercise of the trial judge's discretion so as to give proper consideration to the party having the legal right, as in such cases as *Monk v. McDaniel*, 116 Ga. 108 (42 S. E. 360); *Johnson v. Johnson*, 211 Ga. 791 (89 S. E. 2d 166); and *Boge v. McCollum*, 212 Ga. 741 (95 S. E. 2d 665), relied on by the plaintiff in error here. Rather, it is a contest between two parents, where there is no prima facie right to custody. *Code Ann.* § 74-107. This important distinction is clearly drawn in such cases as *Hill v. Rivers*, 200 Ga. 354 (37 S. E. 2d 386).

In the case of a habeas corpus between two parents, the respective functions of the trial court and of this court are aptly and wisely put by Justice Hawkins: "This court has held many times that, in a habeas corpus proceeding involving a contest between parents over the custody of minor children, the award made by the trial judge based upon the evidence, and in the exercise of a sound discretion, will not be controlled by this court. This is true for the reason that the law puts upon the trial judge the duty of exercising a sound discretion in such cases, looking always to the best interest and welfare of the children. He has the parties before him, he sees and hears the

witnesses testify, and is in a much better position to determine what is to the best interest of the children than is this court, which must rely only upon the record. *Weathersby v. Jordan,* 124 Ga. 68 (2) (52 S. E. 83)." *Good v. Good,* 205 Ga. 112, 114 (52 S. E. 2d 610).

Also, since a change of prior award of custody is sought here, the following must be adhered to: ". . . the doctrine of res judicata applies in such cases [contests between parents], and that when an award has been made the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children." *Willingham v. Willingham,* 192 Ga. 405, 406 (15 S. E. 2d 514).

Coming now to the evidence, we find it to be in sharp conflict. This conflict is understandable in view of the situation of the witnesses. On one side was the father and his second wife. On the other side was the mother. Each side blamed the other for the child's plight. Caught between their cross-fire, the eight-year-old son was a sure casualty. Seeing and hearing these three adults and the child, the trial judge was *authorized* from the evidence to find that, since the 1958 decree, the following events had transpired: (1) that the mother's visitation rights as prescribed by the 1958 decree had been curtailed by the father and his second wife, and the child was not permitted to see his mother except in the second wife's company; (2) that such wife was ill and nervous; (3) that she and the father had sought to cause the child not to love his mother; (4) that these circumstances had produced an adverse effect on the child, causing him to be highly nervous and restless; (5) that, since the child recently began living with his mother, he was happy, healthy, and desirous of remaining with her; and (6) that the mother was a fit and proper custodian, and that her home was suitable for the child.

The factors enumerated above, having been evaluated in previous rulings of this court dealing with sufficiency of changed conditions and circumstances, require no re-evaluation here. The evidence was ample to sustain the conclusion reached by the trial judge. The judgment is, therefore,

*Affirmed. All the Justices concur.*