23218.   WOOD v. KNIGHT.

ARGUED NOVEMBER 9, 1965—DECIDED JANUARY 10, 1966—
REHEARING DENIED FEBRUARY 2, 1966.

*Fryer, Harp & Turk, Joel J. Fryer,* for appellant.
*Thomas E. Moran,* for appellee.

COOK, Justice. Betty Louise Taylor Knight, formerly Betty Louise Taylor Wood, brought a petition for writ of habeas corpus against Morris C. Wood, seeking to obtain the custody of the three minor children of the parties. On the hearing the trial judge awarded the custody of the children to the mother, and the father appealed from this order.

At the time the parties were divorced in April, 1961, an agreement of the parties was made the judgment of the court, and the custody of the children was awarded to the mother. On June 12, 1962, on the petition of the father for change of custody, custody was awarded to the father, the order showing that each of the parties consented to it. Since the grant of the divorce the father and mother have both remarried. The mother now lives in California, and she and her present husband have a child. The oldest child of the litigants is with the mother, and the father does not contest this custody.

■ The first error enumerated is the admission in evidence of a contract entered into between the parties preceding the order of June 12, 1962, awarding custody to the father. The contract recites that the mother was awarded custody of the three minor children of the parties in a divorce action in April, 1961, that the mother "is no longer in a position to furnish adequate housing facilities for the said children or to properly care for them," and she agrees that the father shall have custody of the children. It is agreed further: "Should the second party [the mother] in the future establish a home whereby she is in a position to care for, maintain and educate the said children, she shall have the right to institute such proceedings as are necessary to regain custody of the said minor children."

This contract of the parties was not made the judgment of the court in the custody award of June 12, 1962, and none of the quoted language of the contract was contained in the court order. Where the issue of custody has been previously adjudicated by a court of competent jurisdiction in a divorce case, the children become wards of the court, and no contract of the parties attempting to change custody of the children is binding on the court. *Fortson v. Fortson*, 195 Ga. 750, 755 (2) (25 SE2d 518); *Stanton v. Stanton*, 213 Ga. 545, 549 (100 SE2d 289, 66 ALR2d 1401). Where a decree of court conflicts with the agreement of the parties, the words of the decree will control. *Amos v. Amos*, 212 Ga. 670, 671 (2) (95 SE2d 5); *Booker v. Booker*, 219 Ga. 358 (133 SE2d 353). Furthermore, if the judge had included any stipulation in his order attempting to deprive the order of its finality as to the facts then existing, such language would have been ineffective. *Broome v. Broome*, 212 Ga. 132 (91 SE2d 18).

Much of the evidence in the case concerned the present ability of the mother to furnish material advantages to her children, and it would appear that the trial judge in awarding custody of the children to the mother may have based his decision in part on the terms of the contract between the parties, which contract was not incorporated in the order of the court granting custody to the father. It was error for the judge to allow this contract in evidence and to consider its terms in deciding the habeas corpus case before him.

■ The second error specified is that the judge erred in overruling the appellant's objections to the admission of evidence concerning facts existing prior to the order of June 12, 1962. The witnesses for both parties testified at length on matters transpiring before the order granting custody to the father. We have examined the pages of the record to which we have been referred, and conclude that a judgment of reversal would not be required by reason of the rulings on evidence found therein.

■ Ground 3 of the enumeration of errors asserts that it was error to deny the appellant's motion for nonsuit at the conclusion of the evidence for the appellee. Since any error in denying

a motion for nonsuit is cured if the defendant thereafter introduces evidence supplying the deficiency in the plaintiff's evidence (*Phillips v. Phillips*, 215 Ga. 606, 608 (112 SE2d 594)), we will deal with the broader question made in the final assertion of error, that the order of the court awarding the minor children to the mother is without evidence to support it.

This court has repeatedly held that the award of custody of minor children by a court of competent jurisdiction is conclusive between the parties unless there has been a material change of circumstances substantially affecting the welfare of the children. There was no evidence in the present case of the unfitness of either parent since the date of the decree awarding custody to the father. The evidence for the father showed that the two younger children were properly cared for and living in a wholesome environment with their father. A substantial part of the testimony for the mother related to the increase in her financial resources since her remarriage. This fact was not sufficient to show a change in conditions and circumstances materially affecting the interest and welfare of the children. *Young v. Pearce*, 212 Ga. 722 (95 SE2d 671).

The only testimony of any mistreatment of the children was the testimony by the mother of her conclusion that the stepmother mistreated the children, without relating any facts on which to base this conclusion. See *Carney v. Franklin*, 207 Ga. 39 (2) (59 SE2d 909). The mother admitted on cross examination that when she had been questioned by deposition as to any change in the circumstances of the father since the decree of June 12, 1962, she had replied that the father now has a home, whereas he and his family previously lived in apartments, or with others. The mother introduced in evidence an order of a court of California temporarily placing custody of the children in her. It is not claimed that there was any service on the father of this order. See *Carter v. Carter*, 201 Ga. 850 (41 SE2d 532).

This court is always reluctant to disturb the judgment of a trial judge awarding custody of minor children, but we are compelled to do so when custody is withdrawn from a parent having legal right of custody under a decree of court and the

750

record shows no material change of circumstances or conditions affecting the welfare of the children since the date of the decree. *Young v. Young,* 216 Ga. 521 (118 SE2d 82).

Judgment reversed. All the Justices concur.