24353. BOSSON v. BOSSON.

ARGUED NOVEMBER 13, 1967—DECIDED NOVEMBER 22, 1967.

*G. Hughel Harrison,* for appellant.

*Bloch, Hall, Groover & Hawkins, Wilbur D. Owens,* for appellee.

GRICE, Justice. A mother appeals from an award granting custody of children to the father and specifying her visitation rights. The appeal originates from a proceeding in the nature of habeas corpus filed in the Superior Court of Jones County by Vivian D. Bosson against her former husband Jim F. Bosson, seeking to obtain custody of their four minor children.

The mother alleged, insofar as necessary to state here, the following: that the custody was awarded to her pursuant to a decree rendered on August 31, 1963, granting a divorce to the parties; that the father has had the children in his possession since August 1965; that he has illegally refused to allow her to visit, talk to or see the children except for a few brief periods; and that she is the fit and proper person to have their custody.

The father filed an answer in which he denied the material allegations of her petition and alleged that he is a fit and proper

person for custody, and that the mother's conduct since the 1963 decree has been immoral, obscene and indecent, thus constituting a change of circumstances sufficient to award custody to him.

The enumerations of error raise issues as to whether the award to the father was proper and whether the visitation rights to the mother were erroneous as unduly restrictive.

For related litigation not necessary to elaborate upon here, see *Bosson v. Bosson,* 223 Ga. 259 (154 SE2d 364) ; s.c., 223 Ga. 264 (154 SE2d 688).

Our duty upon this appeal is to ascertain whether the trial court abused its discretion in finding that since the 1963 award to the mother, there had been a material change of circumstances substantially affecting the welfare and interest of the children and that it was for the best interest of the children that their custody be awarded to the father. *Code* §§ 50-121, 74-107. If the evidence material to this inquiry is in conflict the disposition made by the trial court will not be controlled by this court. See *Weathersby v. Jordan,* 124 Ga. 68 (2) (52 SE 83) ; *Benefield v. Benefield,* 216 Ga. 593 (118 SE2d 464).

A study of the evidence adduced at the May 11, 1967, hearing shows a conflict as to whether the mother's conduct subsequent to the August 1963 decree was such as to authorize the trial court's finding. The mother testified that she had not committed any act of immorality or any act that would jeopardize the welfare of the children. On the other hand, several witnesses testified that she had done so. The testimony of her brother and maid painted a sordid picture of what transpired in the trailer where the mother and the children lived in the fall of 1964 and the first part of 1965. This included all night parties with various men and women, gambling, drinking, the mother's immoral acts with several men, sometimes in the presence of the children and the maid, and the mother's giving the children beer and whiskey. Also there was testimony that she, a named man and another couple engaged in sexual relations in a motel room in early 1965. Furthermore, the evidence was sufficient to authorize the conclusion that her misconduct did not end with those 1964 and 1965 events but continued until the hearing in 1967. In this connection, her own brother testified that in the mother's

apartment, where she had been living for about a year and a half, the situation, except for the children's absence, was much the same as formerly in the trailer, namely all night parties and some of the same men spending nights there. Thus, evidence of continuation of misconduct distinguishes this case from *Peck v. Shierling*, 223 Ga. 1 (152 SE2d 868), relied upon by the mother.

Since the evidence amply supports the award, there was no error in placing custody of the children with the father. It follows that the visitation rights accorded the mother were not unduly restrictive.

*Judgment affirmed. All the Justices concur.*