27732. PHELPS v. PHELPS.

NICHOLS, Justice. James H. Phelps filed a complaint in which he sought a divorce from his wife and custody of the couple's three year old daughter. The complaint alleged that the couple also had a seven year old son and that it was agreeable with the complainant that the wife have custody of the son. The complaint was based upon cruel treatment. A cross complaint was

filed by the wife in which she sought a divorce, alimony, child support and custody of both children. The jury awarded the wife a divorce upon her cross complaint, ten dollars per week child support for each child, and alimony to the wife. The trial court's decree gave custody of the son to the wife and ordered the support for such child be paid to the wife. Custody of the three year old daughter was given to her paternal grandmother and support for such child was directed to be paid to the grandmother. The enumerations of error complain of that portion of the decree giving custody of the three year old daughter to her grandmother and directing that the support be paid to the grandmother for such child. There is no transcript of the evidence adduced upon the trial of the divorce proceedings. *Held:*

1. Had custody of both children been awarded to the paternal grandmother, then in the absence of a transcript it would have to be assumed that evidence had been adduced that the appellant had lost her right to custody. However, since the appellant was awarded custody of one child no such presumption exists.

2. As between parents the trial court has a broad discretion in determining which parent shall have custody of the children in a divorce proceeding. See Code Ann. § 30-127; *Rigdon v. Rigdon,* 222 Ga. 679 (151 SE2d 712), and cits.

3. In a contest between a parent and a third person such discretion does not exist and it is only where a parent has lost the right to custody that a child may be placed in the custody of a third person. See *Mills v. Mills,* 218 Ga. 686 (130 SE2d 221).

4. Where, as in the present case, custody of one of the children was given to the appellant, (thus a finding that she had not lost her right to custody) the trial court erred in giving custody of the other child to the paternal grandmother and in ordering that child support for such child be paid to the grandmother.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 8, 1973.

*Rupert A. Brown,* for appellant.