## 28054. WILLIAMS v. FERRELL.

INGRAM, Justice. This is an appeal in a habeas corpus case involving the custody of a 15-year-old girl. The action was brought in the Superior Court of Wilkes County by the natural mother of the child against the paternal grandmother. After a hearing, the trial court entered an order awarding custody to the grandmother but made provision for visitation by the mother.

From the evidence adduced at the hearing, it was disclosed that the mother and father of the child are separated but not divorced, and that the father of the child presently lives in Athens, Georgia, while the mother resides in Philadelphia, Pennsylvania. When the child was 13 months of age, she and one of her brothers were brought to the home of the grandmother where, except for occasional visits to the mother's home in Philadelphia, the child has continued to live with her grandmother.

Only the mother, the child and the child's personal physician testified at the hearing. The child related at the hearing that while she did not hate her mother, neither did she love her mother because she did not know her and that she desired to remain in the home of her grandmother. She further said that she considered her mother a stranger to her. After the child's last visit to her mother's home in Philadelphia, she returned to the grandmother's home at the request of her father who paid her expenses for the trip. The physician testified that the child is suffering from acute leukemia and has an estimated life expectancy of approximately one year. He also testified that an emotional disturbance could aggravate the child's condition and that the child was presently receiving good medical treatment. The child's father was neither a party to, nor a witness in, the trial of the case. No court has passed on the custody of the child prior to the present proceedings at the conclusion of which the child was left in the grandmother's custody. It is from this award that the mother has appealed to this court, asserting that she has not forfeited her parental right to the child and is not unfit to have the child's custody. *Held:*

1. The trial court, upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given. Such discretion should be

governed by the rules of law, and be exercised in favor of the party having the prima facie legal right to custody of the child unless the evidence shows that such person has lost the right to custody through one of the ways recognized in Code §§ 74-108, 74-109, and 74-110, or through unfitness. See *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388).

2. The present action was brought by the mother against the paternal grandmother of the child. The trial court found, in effect, that as between these parties the mother had lost her right to custody by releasing the right to the grandmother with whom the child has lived since the age of 13 months. Code § 74-108 (1).

We cannot say, under the exceptional circumstances of this case that the trial court abused its discretion. *Thompson v. Thompson,* 214 Ga. 618 (106 SE2d 788).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED JUNE 29, 1973 — DECIDED NOVEMBER 29, 1973.

*Tom Strickland,* for appellant.
*Orr & Kopecky, Wilbur A. Orr, Carroll B. Leavell,* for appellee.

