### 29786. TRIPLETT v. ELDER.

UNDERCOFLER, Presiding Justice.

Barbara Andrews Triplett filed a complaint in the nature of habeas corpus against Hattie Elder seeking to obtain custody of her two minor sons.

The evidence shows that the children are now 15 and 11 years of age; that in 1964 while their father was in the armed services, the mother left the children with her grandmother in Athens, Georgia, and went to New York City; that the father was wounded in Viet Nam; that a short time later in 1966 he went to Athens to visit his family; that he brought the children from their maternal great-grandmother's home to the home of his mother, the defendant; that the father died a week afterwards from

his wounds; that the complainant mother of the children did not learn of her husband's funeral until its approximate time and returned to Athens two days thereafter; that the mother then asked the defendant for her children but was refused custody; and that the mother left the city. On March 8, 1967, the defendant was appointed guardian of the persons and property of the children. On June 1, 1967, the mother filed a complaint seeking custody of the children; that a hearing was scheduled on June 5, 1967, while the mother was in Athens; that the suit was dismissed by the mother's attorney on that date; that the mother then left Athens and the defendant heard nothing from her for three years. The record shows that from 1970 until the present time the mother had visited the children from time to time with a frequency ranging from once a year to once a month during that period; that during the last three summers, the 15-year-old son has visited his mother for two weeks on three occasions and the 11-year-old son on two occasions; that the 11-year-old son is mentally retarded and is a student in a special school for mentally retarded children in Athens where he has been enrolled for several years; that the 11-year-old son has made substantial improvement as a result of the care and training he has received in the school and in the residence of the defendant; and that a change in the environment and habits of the mentally retarded child would be more detrimental to his progress and to his mental well-being than in a normal child. The children did not testify at the hearing. The trial court found that the best interests of the children would be served by continuing them together and in the custody of the defendant. There was no evidence of unfitness of the mother. The mother appeals to this court. *Held:*

1. "The trial court, upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given. Such discretion should be governed by the rules of law, and be exercised in favor of the party having the prima facie legal right to custody of the child unless the evidence shows that such person has lost the right to custody through one of the ways recognized in Code §§

74-108, 74-109, and 74-110, or through unfitness." *Williams v. Ferrell*, 231 Ga. 470 (1) (202 SE2d 427).

2. In this case the mother in a habeas corpus proceeding filed in January 1975 sought to obtain the children from their paternal grandmother who had them in her custody since 1966. The trial court found, in effect, that as between these parties the mother had lost her right to custody by her long acquiescence in the grandmother's custody since 1966. Code § 74-108 (1); *Williams v. Ferrell*, 231 Ga. 470 (2), supra.

We cannot say under the exceptional circumstances of this case that the trial court abused its discretion. *Thompson v. Thompson*, 214 Ga. 618 (106 SE2d 788).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MARCH 28, 1975 — DECIDED APRIL 22, 1975.

*Guy B. Scott, Jr.*, for appellant.
*Fortson, Bentley & Griffin, J. Edward Allen*, for appellee.

