## 29804. BOWMAN v. BOWMAN.

NICHOLS, Chief Justice.

This is an appeal from an order granting custody of two minor children to the Gordon County Department of Family and Children Services.

Appellant, Donnie Keith Bowman, is the father of two children, both under two years of age. He brought an action against his wife, Barbara L. Bowman, appellee herein, for divorce and custody of the children. Appellee counterclaimed for divorce and custody of the children. Both parties are 21 years of age. After a hearing, the trial court entered a final order awarding permanent custody of the children to the Gordon County Department of Family and Children Services to be placed for adoption. The court found that appellant "is somewhat delinquent in his work habits and is too young to be faced with the problem of rearing two children of the ages involved in this case." The court further found that "after considering all of the evidence presented upon the hearing in this case, together with the investigative reports received from the various investigating agencies of Gordon County, the future best interests of these children would be for them to be placed in the custody of the [department]. . ." A final judgment of divorce was entered. Appellant appeals from the order awarding custody to the department. Appellee has filed no cross appeal.

Code Ann. § 30-127 provides that "In all cases of divorce granted, the party not in default shall be entitled

to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances of the parties, including the improvement of the health of the party seeking a change in custody provisions, and, after hearing both parties, make a different disposition of the children, placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the application for divorce." It has been held, however, that as between "a parent and a third person such discretion does not exist and it is only where a parent has lost the right to custody that a child may be placed in the custody of a third person. See *Mills v. Mills,* 218 Ga. 686 (130 SE2d 221)." *Phelps v. Phelps,* 230 Ga. 243, 244 (3) (196 SE2d 426).

A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. *Triplett v. Elder,* 234 Ga. 243; *Williams v. Ferrell,* 231 Ga. 470 (1) (202 SE2d 427); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388). The trial court made no findings with respect to any of the statutory grounds relating to loss of the right of custody. The right may be lost on the ground of unfitness only "if it is showed by clear and satisfactory proof that the circumstances of the case justify the court in acting for the best interest and welfare of the child." *Shaddrix v. Womack,* 231 Ga. 628, 632 (6) (203 SE2d 225). In the decision in *Heath v. Martin,* 225 Ga. 181, 183 (2) (167 SE2d 153), it was said that evidence of the parent's unfitness must be "clear and convincing." Whether or not the evidence adduced in the present case would authorize an explicit finding of appellant's unfitness, the trial court found only that he was too young to care for the children and that he was "somewhat delinquent in his work habits." Such a finding cannot be said to constitute "grave and substantial cause" for awarding custody to a third party on the ground of unfitness. Cf. *Peck v. Shierling,* 222 Ga. 60 (148 SE2d 491).

Accordingly, the judgment awarding custody to the Gordon County Department of Family and Children Services must be reversed.

*Judgment reversed and remanded for further proceedings. All the Justices concur.*

SUBMITTED APRIL 8, 1975 — DECIDED MAY 6, 1975.

*Robert L. Collins, Jr.,* for appellant.
*William T. Elsey,* for appellee.