## 30629. WHITE v. BRYAN.

UNDERCOFLER, Presiding Justice.

Wendell Willard White filed a habeas corpus complaint seeking to obtain the custody of his four-year-old daughter from her stepfather. The mother of the child is dead.

After hearing evidence the trial court found that the child had lived with her stepfather since November 3, 1973; that the father, the stepfather and maternal and paternal grandparents all expressed a willingness to accept custody of the child; that the father has over the past several years shown very little interest in said child;

that he drinks alcoholic beverages excessively on occasions necessitating arrests and some minor convictions; that the father was abusive to law enforcement officers on one of the arrests for driving while intoxicated; that the lifestyle of the father is not conducive to a healthy environment for a young girl, that the father recently lived with a woman, not his legal spouse for approximately one year, and that he is unfit to rear said child, has made no plans for taking actual possession of her, and only has plans for some future time when he is "settled," that the stepfather has a genuine love and affection for the child, is financially able to care for and rear her, is morally fit, and has made suitable arrangements for child care services while he is working.

The trial court awarded custody of the child to the stepfather. The appeal is from this judgment. *Held:*

A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. *Triplett v. Elder,* 234 Ga. 243 (215 SE2d 247) (1975); *Williams v. Ferrell,* 231 Ga. 470 (1) (202 SE2d 427) (1973); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964).

The unfitness of the parent should be shown by clear and convincing evidence that the circumstances of the case justify the court in acting for the best interest and welfare of the child. Code § 50-121; *Heath v. Martin,* 225 Ga. 181 (2) (167 SE2d 153) (1969); *Shaddrix v. Womack,* 231 Ga. 628 (6) (203 SE2d 225) (1974); *Patman v. Patman,* 231 Ga. 657 (203 SE2d 486) (1974). Cases to the contrary such as *Bond v. Norwood,* 195 Ga. 383 (24 SE2d 289) (1943); *Morris v. Grant,* 196 Ga. 692 (27 SE2d 295) (1943); *Woods v. Martin,* 212 Ga. 405 (1) (93 SE2d 339) (1956); and *Mills v. Mills,* 218 Ga. 686 (130 SE2d 221) (1963) will not be followed.

". . . [I]f there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court . . . then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).

*Judgment affirmed. All the Justices concur, except*

*Gunter, J., who dissents.*

ARGUED JANUARY 13, 1976 — DECIDED FEBRUARY 24, 1976.

*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellant.
*Cheryle T. Bryan,* for appellee.