## 31208. CHILDS v. CHILDS.

INGRAM, Justice.

The issue in this appeal is child custody. It arose in a divorce case between the parents. The question of temporary custody was referred by the superior court to the juvenile court and that court awarded temporary custody of the child to the maternal grandparents. Subsequently, when a divorce was granted by the superior court to the mother and father of the child it was stipulated that the juvenile court "will decide the case for permanent custody." The juvenile court awarded permanent custody of the child to the maternal grandparents and the father has appealed that decision to this court. We reverse.

The order of the juvenile court recites that, "there has not been a sufficient change of circumstances by either the said father . . . or the mother . . . and that neither . . . [is] fit at this time to be awarded custody of [the child]." The order also indicates that this finding of unfitness by the juvenile court was based, at least in part, on evidence presented to the court on the prior hearing on the question of the temporary custody of the child.

"A parent may lose the right to custody only if one of

the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. *Triplett v. Elder,* 234 Ga. 243 (215 SE2d 247) (1975); *Williams v. Ferrell,* 231 Ga. 470 (1) (202 SE2d 427) (1973); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964).

"The unfitness of the parent should be shown by clear and convincing evidence that the circumstances of the case justify the court in acting for the best interest and welfare of the child. Code § 50-121; *Heath v. Martin,* 225 Ga. 181 (2) (167 SE2d 153) (1969); *Shaddrix v. Womack,* 231 Ga. 628 (6) (203 SE2d 225) (1974); *Patman v. Patman,* 231 Ga. 657 (203 SE2d 486) (1974)." *White v. Bryan,* 236 Ga. 349, 350 (223 SE2d 710) (1976).

The law contemplates that one of the natural parents will be awarded custody of the child unless the present unfitness of the parents is established by clear and convincing evidence at the hearing on permanent custody. Only then is the trial court authorized to consider an award of custody to third parties. This standard was not used in the present case and the judgment of the trial court will be vacated with direction that a new hearing be conducted on the permanent custody of the minor child.

*Judgment vacated and remanded with direction. All the Justices concur.*

ARGUED JUNE 15, 1976 — DENIED JUNE 30, 1976.

*Westmoreland, Patterson & Moseley, R. Robider Markwalter,* for appellant.

*Evans, Doxier, Mann & Wingate, Billy L. Evans, Buford E. Hancock,* for appellee.