## 31716. STEGALL v. STEGALL et al.

UNDERCOFLER, Presiding Justice.

The father of three minor children, who have been placed with three separate families, the defendants, since January, 1973, sought to regain their custody. The trial court denied his petition and he appeals.

When the father and the mother, who has not appeared in this action, were divorced in 1974, the trial court gave temporary custody of the children to the three defendants with whom the children had been living and "by express agreement of each of the parties and their counsel reserved until further order of the Court," the final determination of custody. We have held many times that any such attempt to reserve custody is invalid, and is in effect a final custody order. *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (1955). See e. g., *Simpson v. Moon,* 238 Ga. 152 (1977); *Bragg v. Bragg,* 224 Ga. 773 (164 SE2d 560) (1968); *Broome v. Broome,* 212 Ga. 132 (91 SE2d 18) (1956); *Fuller v. Fuller,* 197 Ga. 719 (30 SE2d 600) (1944).

Although we agree with the father that the trial court incorrectly attempted to exercise the custody jurisdiction reserved in the divorce decree, the court also found that there was no change of condition materially affecting the children. "The standard to be followed is whether there are changed conditions affecting the best interests of the child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a habeas corpus court changing custody or visitation rights, and is essentially a fact question in each individual case which must be decided by the habeas corpus court. And if there is

reasonable evidence in the record to support the decision made by the habeas corpus court in changing or in refusing to change custody or visitation rights, then the decision of that court must prevail as a final judgment, and it will be affirmed on appeal." *Crumbley v. Stewart,* 238 Ga. 169 (1977). Accord, *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974). The trial court's judgment denying the father's petition must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Nichols, C. J., Gunter and Ingram, JJ., who dissent.*

ARGUED NOVEMBER 23, 1976 — DECIDED JANUARY 27, 1977 — REHEARING DENIED FEBRUARY 8, 1977.

*Howe & Sutton, Richard C. Sutton,* for appellant.

*Gammon & Anderson, Wayne W. Gammon, York & Cummings, Michael D. McRae, F. Marion Cummings,* for appellees.

INGRAM, Justice, dissenting.

I dissent from the majority opinion and would require a de novo custody hearing in the trial court between the natural father and the third parties who now have the minor children.

I reach this conclusion not because I disagree with the findings of fact by the trial judge that the children are doing well with the third parties, but because the law entitles the father to have custody of his children unless the right to do so has been lost in one of the ways set forth in the Georgia Code or he is found unfit.

"A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or in exceptional cases, if the parent is found to be unfit. *Triplett v. Elder,* 234 Ga. 243 (215 SE2d 247) (1975); *Williams v. Ferrell,* 231 Ga. 470 (1) (202 SE2d 427) (1973); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964)." *White v. Bryan,* 236 Ga. 349, 350 (223 SE2d 710) (1976).

In my opinion, the *White* case controls the present case as the transcript and record show these issues have

never been adjudicated in the trial court and the father is entitled to his day in court on them.

I am authorized to state that Chief Justice Nichols and Justice Gunter join in this dissent.