## 32234. CHILDS v. CHILDS.

HALL, Justice.

This appeal involves a child custody dispute between a natural parent and a third party. It arose in a divorce case between the parents. The question of temporary custody pending the parents' divorce was referred to the Juvenile Court of Bibb County and that court awarded temporary custody of the child to the maternal grandparents. When the Superior Court of Bibb County granted the divorce in 1974, it was stipulated that the juvenile court would decide permanent custody of the minor child. It subsequently awarded permanent custody to the maternal grandparents. The father appealed that decision to this court and we reversed in *Childs v. Childs,* 237 Ga. 177 (227 SE2d 49) (1976), because of the juvenile court's failure to use the proper standard in its permanent custody determination, i.e., the present unfitness of the natural parents. Upon a second permanent custody hearing, the juvenile court again awarded permanent custody to the maternal grandparents. The appellant father appeals. We again reverse.

In *Childs,* supra, we stated that a parent can only lose the right to child custody if one of the statutory grounds of relinquishment is found (see Code Ann. §§ 74-108, 74-109 and 74-110) or if the parent is found to be unfit. The juvenile court found no evidence of statutory relinquishment of parental rights, but found that both parents were presently unfit to have permanent custody of their child. We cannot agree.

"The law contemplates that one of the natural parents will be awarded custody of the child unless the *present unfitness* of the parents *is established by clear and convincing evidence* at the hearing on permanent custody. Only then is the trial court authorized to consider an award of custody to third parties." (Emphasis supplied.) *Childs,* supra, at 178. We have carefully reviewed the transcript of the permanent custody hearing and do not find clear and convincing evidence of the present unfitness of the appellant father. Since the divorce, the appellant has remarried; he has completed his high school education and is presently pursuing further education; he

is financially able to care for his child; he maintains a comfortable home; and he loves and sincerely desires to have custody of his child. The only evidence of present unfitness was one isolated incident testified to by the appellant's ex-wife; her testimony was refuted by several other witnesses.

We find that the evidence was insufficient to justify the trial court's removal of custody from a natural parent to a third party, and that custody should have been placed in the appellant father. See generally *Campbell v. Chapman,* 238 Ga. 427 (233 SE2d 155) (1977); *Cox v. Mills,* 238 Ga. 374 (233 SE2d 353) (1977); *Bowman v. Bowman,* 234 Ga. 348 (216 SE2d 103) (1975). We also remand to the trial court for a new determination of visitation rights in light of this opinion.

*Reversed and remanded with direction. All the Justices concur, except Hill, J., who concurs in the judgment only, and Nichols, C. J., and Jordan, J., who dissent.*

ARGUED MAY 10, 1977 — DECIDED
JUNE 28, 1977.

*Markwalter, Cook & Shaffer, R. Robider Markwalter,* for appellant.
*John M. Hancock, Jr.,* for appellee.