33447. WENTWORTH v. MIDDLETON et al.

Jordan, Justice.

This appeal arises from a habeas corpus action involving the custody of a three-year-old boy.

Debora Wentworth, the natural mother of the child, filed a petition for writ of habeas corpus seeking to regain custody of the child from Benjamin and Catherine Middleton. The Middletons have maintained custody of the child for two years pursuant to a contract in which appellant released her parental rights. After an evidentiary hearing, the habeas judge found that Debora Wentworth had lost parental control of the child and that the best interests of the child would be served by continuing its custody with the Middletons. Wentworth appeals, alleging that the trial judge abused his discretion in making findings of fact and conclusions of law which were unsupported by the evidence and in denying her

petition.

The trial court, upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given. Such discretion should be governed by the rules of law, and be exercised in favor of the party having the prima facie legal right to custody of the child unless the evidence shows that such person has lost the right to custody through one of the ways recognized in Code §§ 74-108, 74-109, and 74-110, or through unfitness. *Williams v. Ferrell,* 231 Ga. 470 (202 SE2d 427) (1973); *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388) (1964).

The trial court found in this case that between these parties the mother had lost her right to custody by voluntarily releasing her parental rights to the appellees. Code § 74-108 (1). Evidence was properly admitted which supports this decision, and we cannot say that the trial court abused its discretion.

*Judgment affirmed. All the Justices concur.*

Submitted March 31, 1978 — Decided September 6, 1978.

*John R. Ferrelle,* for appellant.
*Benjamin Smith,* for appellees.