## 60794. LARSON v. GAMBRELL.

CARLEY, Judge.

Appellant-father and appellee-mother were divorced in 1973. Under the terms of the divorce decree appellee was awarded custody of their child. Appellant filed a petition for modification of the decree, seeking custody of his child, alleging that "[s]ince the date of said divorce [appellee] has placed said child in the custody of [appellee's] mother . . ." A hearing on the petition was held and the trial judge found that "[t]he child has now been living with his maternal grandparents . . . for about one year with permission of [appellee]. She felt that the grandparents were better able to meet [the child's] needs at the present, particularly with respect to adequate living space and health care . . . The present living conditions are much better than he would experience at [appellee's] home which is cramped for space and has an unsafe traffic condition nearby." The trial judge then found that the evidence, though conflicting, authorized a finding of "change of condition" substantially affecting the welfare of the child and a change of custody.

The trial judge, citing *Bond v. Norwood,* 195 Ga. 383, 387 (24 SE2d 289) (1943), then held that while "[u]nder ordinary circumstances a father has a right to custody of his minor child as against a third person unless he forfeits or surrenders his right of custody . . . '[a] different rule of law is applicable when the contest for custody of a minor is between parents of that minor. In such cases the father has no prima facie right to its custody, and the law directs that the welfare and best interest of the child control the Court in awarding custody.'" Specifically finding neither appellant nor appellee "to be unfit," the trial judge determined that the child's welfare and best interest would be served by the child being placed in the custody of the maternal grandparents "who have the desire and adequate financial means to care for the child properly." The divorce decree was therefore modified so as to remove the child from the custody of appellee and place him into the custody of the grandparents.

Pursuant to Code Ann. § 6-701.1, appellant petitioned this court for a discretionary appeal from the change of custody decree. The petition was granted in order that we might review the propriety of the award of custody of appellant's child to the maternal grandparents.

1. It is clear that the evidence that appellee relinquished physical custody of the child to the grandparents authorized the court to modify the divorce decree with reference to the question of

legal custody. *Wilt v. Wilt,* 229 Ga. 658 (193 SE2d 833) (1972). The only issue is whether the trial judge was authorized under the evidence to modify the decree so as to give that legal custody to the grandparents. We find that the evidence did not authorize an award of custody to the grandparents and the trial court erred in so ordering. " 'In a divorce action in which child custody is an issue, the test for use by the trial court in determining which *parent* shall have child custody is "the best interests of the child." [Cits.] . . . *However, where a third party (e.g., a grandparent) is being awarded custody of a child as part of a divorce case,* or where such a third party sues to obtain child custody from a parent, *the test is not simply the "best interests" or "welfare" of the child because the parents are being deprived of custody of their child.* In such cases, a parent is entitled to be awarded custody by the trial court unless it is shown by clear and convincing evidence that such parent is unfit or otherwise not entitled to custody under the laws. [Cits.]' [Cit.]" (Emphasis supplied in part.) *Higbee v. Tuck,* 242 Ga. 376-377 (249 SE2d 62) (1978). As between parents with equal rights to custody the child's "best interest" is the only determinative factor since the law presumes that "the welfare and best interest of a child will best be served, except in extraordinary cases, by his being in the custody of his own parent." *Boge v. McCollum,* 212 Ga. 741, 745 (95 SE2d 665) (1956). However, an award of child custody to a third party must be based upon more than the "best interests" of the child because such an award is in derogation of the right to custody of the parent, in whose custody the law presumes the child's best interest will be served. Thus, it is only when the present unfitness of the parent is established by clear and convincing evidence that the trial judge is authorized to consider an award of custody to third parties. *Childs v. Childs,* 237 Ga. 177, 178 (227 SE2d 49) (1976). Therefore, if appellant has demonstrated that there has been a change in condition justifying a change in his child's custody, he is entitled to that custody absent a finding that he is "unfit." Cf. *Gazaway v. Brackett,* 241 Ga. 127, 129 (244 SE2d 238) (1978). In the instant case the trial judge — in awarding custody to the grandparents — not only failed to find appellant was "unfit," he specifically found appellant was *not* unfit. While it was not necessary that appellee be found "unfit" to authorize a removal of the child from her custody, *Josey v. Ledbetter,* 226 Ga. 563, 564 (1) (175 SE2d 900) (1970), it was necessary that appellant be found "unfit" to authorize an award of custody to the grandparents. *Patman v. Patman,* 231 Ga. 657 (203 SE2d 436) (1974).

The trial judge erroneously concluded that the only question was the child's "best interest" and that the question of appellant's unfitness was irrelevant because "the contest is between the parents

of the child." "A parent may lose the right to custody only if one of the conditions specified in Code §§ 74-108, 74-109 and 74-110 is found to exist, or, in exceptional cases, if the parent is found to be unfit. [Cits.] The unfitness of the parent should be shown by clear and convincing evidence that the circumstances of the case justify the court in acting for the best interest and welfare of the child. [Cits.] Cases to the contrary such as *Bond v. Norwood,* [supra, relied upon by the trial judge in the instant case] ... will not be followed." *White v. Bryan,* 236 Ga. 349, 350 (223 SE2d 710) (1976). While in a child custody case the welfare of the child is always the law's paramount concern, the law *presumes* that it is in the child's "best interest" to be with his parent if the parent is not unfit to be the child's custodian. Thus, in a case in which a "fit" parent seeks custody of his child, it should be awarded to him. When the case involves two "fit" parents, the law contemplates that the child be awarded to the *parent* in whose custody the "best· interests" of the child will be served. When, however, the award is made to a third party, the law requires that the parent who unsuccessfully sought custody be found to have been "unfit" to receive the award. Before a child may be awarded to a third party, the presumption that it will be in the "best interest" of the child to be with his parent must be rebutted by a clear and convincing showing that the parent is "unfit" to be awarded custody. "The law contemplates that one of the natural parents will be awarded custody of the child unless the present unfitness of the parents is established by clear and convincing evidence at the hearing on permanent custody. Only then is the trial court authorized to consider an award of custody to third parties. This standard was not used in the present case and the judgment of the trial court will be vacated with direction that a new hearing be conducted on the permanent custody of the minor child." *Childs v. Childs,* 237 Ga. 177, 178, supra.

*Judgment reversed with direction. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 21, 1981.

*J. H. Gnann, Jr.,* for appellant.
Vicki L. Gambrell, *pro se.*